May Term,
1848.

MARSHALL *v.* THE STATE, on the Relation of COOK.

MARSHALL
v.
THE STATE.

Courts will not grant a writ of *mandamus* where the party applying has a different legal remedy.

Tuesday,
May 30.

ERROR to the *Parke* Circuit Court.

PERKINS, J.—This was a motion in the *Parke* Circuit Court for a *mandamus* to *John Marshall*, judge of the *Parke* Probate Court. The motion was granted. The case is as follows:

At the *August* term, 1845, of the *Parke* Circuit Court, *John P. Usher*, an attorney of said Court, made and filed the following affidavit, on which the motion for a *mandamus* was based: "State of *Indiana*, county of *Parke*, ss. *John P. Usher*, being duly sworn, says that he is one of the solicitors of *Denny Cook*, who, heretofore, in the year ———, filed his petition in the Probate Court of said county of *Parke* for the payment of a legacy bequeathed to him by one *Jacob Helms*, deceased, which petition was against *John Helms* and *Jesse R. Youmans*, executors of the last will and testament of said *Jacob Helms*, and one *William Helms;* that afterwards, at the *November* term, 1844, of the said Probate Court, the said cause still being pending and undetermined in said Court, and his solicitors and the complainant, believing that the said cause would be continued by the consent of the defendants, upon an arrangement previously made by this affiant with one of the solicitors of the defendants, did not attend said Court, nor was the complainant, in any manner, represented in said Court at said term; that the defendants, then refusing to allow the cause to be continued, insisted upon a trial thereof, which was then had in the absence of the complainant and of his counsel, as by the record of said Probate Court will fully appear, and a decree rendered for so small a sum as to be altogether unsatisfactory to the complainant; that as soon as the complainant heard that a trial had been had in his absence, believing the same to have been void, he made his motion to set aside the proceedings had at said *November* term, and that

the Court should proceed to try the cause, which the Court refused to do, and that said motion was made at the term of the Court next after the *November* term aforesaid. And this deponent now prays this Court to grant a rule against the said Probate Court, requiring the judge thereof to show cause, if any he can, why he refuses to try said cause.                                   *John P. Usher.*

"Subscribed and sworn to in open Court, *August* 30, 1845.                                   *Jno. G. Davis, Clerk.*"

Upon this affidavit, instead of a rule to show cause, an alternative *mandamus* was issued, requiring the probate judge either to proceed and re-try said cause, or to certify his reasons for refusing to do so. .The judge refused to proceed to the trial, and answered as follows: "The said *John Marshall*, judge as aforesaid, for his return to said *mandamus*, says: that as to the said matters and things in the said *mandamus* stated, or any of them, without at this time either admitting or denying that the same are true, as therein stated, respectfully showeth to the honorable judges of the Circuit Court, that of the said matters in the said *mandamus* complained of, he, as such judge of the said Probate Court, has exclusive original jurisdiction; and the jurisdiction of the said Circuit Court, to enforce a decision of the said cause by *mandamus*, or to bring before it the papers in said cause for that purpose, in any way or manner, other than by appeal or writ of error, the said judge denies; and especially so, as it appears on the face of said *mandamus*, that long before the same was applied for to the honorable Circuit Court, both the original cause of the said *Cook*, and his motion to set the first decree aside, at a subsequent term of the Court, had been fully heard and finally disposed of; and the said *Cook*, at all times, might have prosecuted his appeal or writ of error to the Circuit Court, if he had desired to do so, according to the statute in such case made and provided.                                   *John Marshall,*

"Judge of the *Parke* Probate Court."

To this answer there was a demurrer, which was sustained, and it was thereupon "ordered, that a peremptory

*mandamus* issue, directed to the said judge of the said Probate Court, enjoining and requiring him, as such judge, at the next term of his Court after the service of said writ, to vacate of record in his said Court, the entry of judgment heretofore made in the said cause wherein the said *Denny Cook* is complainant, and *Jesse R. Youmans* and *John Helms*, executors of *Jacob Helms*, deceased, and *William Helms*, are defendants, and to forthwith proceed to try, or otherwise dispose of, said cause according to law, and that he pay the costs in this behalf."

Upon this order, judge *Marshall* prosecutes the writ of error before us.

It is contended, by his counsel in this Court, that the Circuit Court erred in awarding a *mandamus*, because that Court had no jurisdiction of the subject matter, and that the writ could only issue from the Supreme Court.

It is also contended that the *mandamus* should not have been granted, because it was shown, in the application for it, that the judgment sought to be set aside was rendered at a term of the Court prior to that at which the motion to set aside was made, and, therefore, that it would not be in the power of the Probate Court to obey the *mandamus* asked, if granted, as, by s. 333, p. 735, of the R. S., it is enacted that, "no judgment in any Court of record shall be set aside on motion, unless such motion be made during the term at which such judgment was rendered."

We shall not examine these points.

One of the principles of law governing applications for writs of *mandamus* is, that they will not be granted where the party applying has a different legal remedy. 13 Peters 279.—*Id.* 404.—5 Wend. 114.—10 *id.* 285.—*Id.* 393.—12 Petersdorf 440. If, therefore, the plaintiff below could have obtained, by any other mode known to the practice of courts of law, the redress sought by this proceeding so far as he might be entitled to it, that fact will suffice for the present investigation.

The complaint is, that a judgment was rendered for too small a sum, on a trial of a cause upon its merits in the

absence of the plaintiff and his attorneys, as appears of record, which absence was induced by the act of the opposite party; and that the judge who tried the cause, refused to set aside the judgment and grant a new trial, on motion, at a subsequent term of the Court.

Now, if it was illegal for the Probate Court to try a cause in the absence of the plaintiff and his attorneys, simply on account of such absence, then, as the fact of such a trial appears of record in the case under consideration, the judgment would be reversed on a writ of error. So, as to the judgment on the motion for a new trial, if the cause still remained under the control of the Court at the time that motion was made, and the Court possessed the power and it was its duty to grant the new trial, a writ of error lies to the judgment of the Court refusing it. But, on the other hand, as to this latter point, if the power of the Probate Court over the cause had ceased at the time the motion was made, we do not well see now, how that Court could be compelled, by *mandamus*, to act in regard to it further.

But, if it was in the power of the Probate Court, no special fact appearing to prevent, to try a cause in the absence of the plaintiff and his attorneys, and the motion for a new trial was too late to entitle it to a hearing, and no exceptions being upon record, a writ of error would be unavailing, while, nevertheless, the Circuit Court had power to correct any intervening error, by *mandamus*, then the question presents itself, did the plaintiff below make a case in his motion that entitled him to relief in any manner? Did he show a state of facts upon which it would have been the duty of the Probate Court to grant a new trial, even had the motion been made in time? for, if he did not, it would seem clear that he should not be entitled to one on a motion made after the regular time for granting had elapsed.

What, then, is shown in the affidavit made the ground of a motion for a *mandamus*, beyond the single fact of a trial in the absence of the plaintiff and his attorneys? Simply, that the plaintiff in the suit so tried, and his at-

May Term,
1848.

torneys, "believing that the said cause would be continued by the consent of the defendants upon an arrangement previously made by this affiant with one of the solicitors of the defendants, did not attend said Court." What was that arrangement? What were its terms? Were they such as *authorized* the belief that the cause would be continued? In a bill in chancery to set the judgment in question aside for fraud, would such an allegation be sufficient? For, if the absence of the party was through his own negligence, he cannot assign that absence as a reason for relief. Nor will a *mandamus* be issued, except in a very strong case. We can see no ground for that in the case before us. We conclude, that so far as the single fact of a trial in the absence of the plaintiff and his attorneys furnishes a cause of complaint, as that appears of record, a writ of error is the remedy; beyond that, the plaintiff below showed no right to any redress.

It is unnecessary for us, now, to inquire, whether, if it had appeared that the judgment in the Probate Court was obtained by fraud, the party, would, nevertheless, have been left to his remedy in chancery.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*W. P. Bryant* and *A. L. Roache*, for the plaintiff.
*W. D. Griswold* and *J. P. Usher*, for the defendants.