May Term, 1851.

THE BOARD OF COMMISSION-
ERS OF JOHN-
SON COUNTY
v.
HICKS.

| 2 | 527 |
|---|---|
| 131 | 94 |

| | 2c | 527 |
|---|---|---|
| f169 | | 271 |

THE BOARD OF COMMISSIONERS OF JOHNSON COUNTY *v.* HICKS.

The plaintiff moved for a *mandamus* on an affidavit filed, which stated that, as auditor of *Johnson* county, he performed certain services to the amount of 100 dollars; that he presented his account, sworn to, to the board of commissioners, which they refused to allow. The defendants answered, and the Court gave judgment that the plaintiff ought to be allowed payment for the services rendered by him as auditor, exclusive of the services performed as clerk of the board. The act of 1841 creat-

May Term, 1851.

THE BOARD OF COMMISSION-
ERS OF JOHN-
SON COUNTY
v.
HICKS.

ing the office of auditor provides that he shall receive for such services as those alleged to have been performed, the compensation demanded. By the act of 1846, the office was abolished in *Johnson* county, and the duties of the office were transferred to the clerk of the Circuit Court, and it was provided that the board might allow their clerk any sum not exceeding 200 dollars per annum for the services required of him by the provisions of the act. The board contended that this allowance was intended to be a full compensation for all services. *Held*, that this question could not be properly tried on a motion for a *mandamus*. *Held*, also, that the plaintiff had a sufficient legal remedy without resorting to a writ of *mandamus*.

Courts will not grant a writ of *mandamus* where the party applying has a different legal remedy.

*Thursday, May 29.*

ERROR to the *Johnson* Circuit Court.

SMITH, J.—This was a motion for a *mandamus*, founded on an affidavit filed by *Royal S. Hicks*, the defendant in error.

The affidavit states that previous to the 28th of *February*, 1848, the defendant in error, as auditor of *Johnson* county, performed services for said county in making out tax duplicates, road tax lists, supervisor's bonds, issuing county orders, &c., to the amount of 100 dollars and 64 cents ; that on said day he presented his account for said services, sworn to by him before a notary public, to the board of commissioners of said county and requested said board to allow and order the payment of said sum; which they refused to do. He therefore prayed for a writ of *mandamus* to compel said board to allow and order payment of said account to be made to him.

A rule to show cause was granted, and the commissioner, after a motion to quash the proceedings had been overruled, by way of reply to the facts stated in the affidavit, admitted that the claim mentioned therein had been presented to them, and they had considered that it ought not to be allowed. They further stated that the services for which the claim was presented, were performed by the claimant as clerk of the Circuit Court under an act passed in 1846 abolishing the office of county auditor in *Johnson* county, and transferring the duties thereof to said clerk, by which act it was made the duty of the commissioners to allow their clerk, (to-wit, the clerk of the

Circuit Court,) a sum not exceeding 200 dollars per an-
num for all the services required of him by said act, and
that the full amount they were thus authorized to allow,
had been, on the application of the claimant, allowed
and paid to him.

The defendant in error demurred to this answer, and
the Court afterwards, without further noticing the demur-
rer, gave judgment that the plaintiff ought to be allowed
payment for the services rendered by him as auditor, ex-
clusive of the services performed by him in the capacity
of clerk of the board of commissioners, and that an or-
der for the payment of such sum as he was entitled to
under the laws fixing the compensation of auditors,
ought to have been made on the presentation of his ac-
count properly verified. The commissioners were there-
fore commanded to make such an allowance and order.

The act of 1841, creating the office of county auditor,
and prescribing the duties thereto attached, provides that
the auditor shall receive for such services as were alleged
to have been performed in this case, the compensation
demanded. There is also a proviso, that the commis-
sioners shall in no case grant an order to an auditor for
his fees but upon an account made out and sworn to by
him. Acts of 1841, p. 23. The 8th section of the same
act makes the auditor, *ex officio*, clerk of the board of
commissioners, and requires him to keep a record of the
proceedings of the board, and to preserve all the docu-
ments, books, maps, &c., deposited in his office.

An act approved *January* 14th, 1846, abolished the of-
fice of auditor in the county of *Johnson*, and required the
clerk of the Circuit Court to perform the duties pertain-
ing to it. For this purpose the clerk was invested with
the same powers that, by the laws in force, were given to
county auditors, and rendered subject to the same liabili-
ties. The 4th section of the act is as follows:

"It shall be the duty of the board doing county busi-
ness, to allow their clerk any sum, not exceeding 200
dollars per annum, for the services required of him by
the provisions of this act."

Vol. II.—67

May Term,
1851.

The defendant in error contends that the compensation provided for in this section refers only to such services as properly appertain to his duties as clerk of the board of commissioners, such as keeping the record of proceedings, &c., while the commissioners seem to have construed the section to mean that the allowance therein mentioned was intended to be a full compensation for all the duties required of the clerk of the Circuit Court when acting in the capacity of county auditor.

The question thus raised cannot properly be tried on a motion for a *mandamus*. If the county is indebted to the defendant in error for fees, he might have instituted an action to recover them, or perhaps he might have appealed from the decision of the board of commissioners under the provisions of article 1, c. 7, of the Revised Statutes. At all events, he had a sufficient legal remedy without resorting to a writ of *mandamus*, and it has already been decided by this Court that in such cases this writ will not lie. *Marshall* v. *The State*, Ind. R. 17 (1).

*Per Curiam.*—The judgment is reversed with costs, &c.

*J. Eccles*, for the plaintiffs.

*F. M. Finch*, for the defendant.

