*J. A. Stein* and *G. O. & A. O. Behm*, for appellant.
*R. C. Gregory*, for appellee.

---

WRIGHT, Administrator of LOWE, v. McFADDEN.

APPEAL from the *Marion* Common Pleas.

RAY, J.— The appellee filed a claim for professional services rendered the appellant's intestate, in procuring a compromise of a judgment rendered against him in a suit for bastardy. The answer was payment. There was a

finding for the appellee. It is insisted that certain letters introduced upon the trial, which had been written by the appellee, create a presumption that he had been paid for his services. In a letter written by the appellee, *December* 12, 1861, the judgment defendant was informed that a compromise could be effected by the payment of a certain sum before *Christmas*, and that the judgment plaintiff would, if such payment was made, permit the attorney to retain his fees out of the amount. A letter from the appellee, dated *December* 13, 1861, acknowledges the receipt of a letter from the judgment defendant, and appoints a meeting with him at *Indianapolis*, on the 24th of *December*, and urges him to bring the money with him. The next letter, dated *February* 13, 1862, from the appellee, states that the judgment had been compromised.

The letters show that a compromise of the judgment was concluded sometime between the 21st of *December*, 1861, and the date of the letter in *February*, but what the terms of that compromise were is no where disclosed in the correspondence. If the payment were shown to have been made before the 25th of *December*, 1861, a presumption might perhaps be indulged that the proposition made by the judgment plaintiff had been accepted. The rule cited by the appellant, that "it is presumed that a man has adopted or accepted an advantageous act, offer, bequest, devise or conveyance, until his positive disclaimer or refusal is shown," has no possible application to the case under consideration. But if such a perverted use could be permitted of this rule, we are still unable to determine whether the acceptance of the proposed compromise would be advantageous to the judgment defendant. It may be that other terms would have been more acceptable, and could have been secured. There is no evidence to create a presumption that the compromise proposed by the execution plaintiff was accepted. The instructions given by the court to the jury, in our opinion, very fairly placed the case before them, and included the instruction requested by the appellant, so far at

least as that instruction could have been properly given, as applicable to the facts of the case.

It is insisted that the motion to tax the costs to the plaintiff should have been sustained, because no stamp was affixed to the affidavit attached to the claim at the time it was filed. This objection was made *March* 16, 1865, and at that date the act of *June* 30, 1864, "To provide internal revenue to support the government, to pay interest on the public debt and for other purposes," was in force, and by its express terms provided that affidavits in suits or legal proceedings should be exempt from stamp duty. It also repealed former laws. What the effect of the exemption, and of the repeal of the law imposing the stamp duty, was upon the validity of the affidavit in this case, we are not required to determine, as the 163d section of the act then in force provides "that no instrument, document or paper, made, signed or issued prior to the passage of this act, without being duly stamped, or having thereon an adhesive stamp, or stamps, to denote the duty imposed thereon, shall for that cause, if the stamp or stamps required shall be subsequently affixed, be deemed invalid and of no effect." The appellee had the right then, at the time the objection was made, to affix the stamp without leave of the court, and as the bill of exceptions proves that he did so, the appellant cannot insist that the affidavit should be regarded as invalid or of no effect at any previous date.

The judgment is affirmed, with costs.

*B. K. Elliott,* for appellant.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellee.