## Chapin v. Osborn and Others.

MANDATE.—A petition for a mandate against the members of the common council of the city of *Greencastle* alleged that the petitioner was a contractor with the city for the improvement of a certain street; that he had performed his contract, and that the engineer had submitted his final estimate of the work, which had been approved by the council; that certain of the property holders along said street having refused, for more than twenty days, to pay the several sums assessed against them, the petitioner had filed with the council his affidavit, stating the fact of such

refusal and the amount due from each, and asking that precepts issue for the collection of the same; that the council refused to issue such precepts, alleging that the estimate of the engineer was not correct, and that a part of the work had been paid for to another person.

*Held*, that the court erred in sustaining a demurrer to the petition, and that an alternative writ of mandate should have issued, upon return to which the question whether the contractor was demanding more than was due him might have been tried.

APPEAL from the *Putnam* Common Pleas.

GREGORY, J.—This was an application for a mandate, under article 43 of the code, (2 G. & H. 320, *et seq.*,) by the appellant against the members of the common council of the city of *Greencastle*.

The affidavit on which the writ was asked states, that the city is incorporated under the general law; that the defendants are the mayor and common council; that on the 28th of *May*, 1866, the common council made an order for the improvement of *Seminary* street; that the engineer of the city was directed to advertise for bids for the improvement; that the engineer made out his specifications for the improvement; that after the same was advertised, the appellant made a bid on the improvements, in writing, which was the lowest and best bid therefor; that it was accepted by the council, and the contract let to the appellant; that the appellant executed his bond, as required by law, for the faithful performance of the contract; that he afterwards entered upon the contract and made part of the improvements thereunder; that afterwards, *James S. Nutt*, the engineer of the city, on the 13th of *August*, 1866, made and submitted to the common council his report and estimate of the work done on the contract, reporting, among other things, that the improvements on *Seminary* street, on the specifications, was completed as far as the earth would allow; that the report and estimate of the engineer was, by the common council, received and accepted. That afterwards, on the 12th of *October*, 1866, at a regular meeting of the common council, the appellant asked for relief on his contract, because there was not earth sufficient to complete

it. That it was thereupon ordered by the common council, two-thirds of the members thereof concurring, that the engineer advertise for the grading of *Seminary* street, between *Water* and *Jackson* streets; that the engineer made out his specifications for the last letting, pursuant to the order of the common council; that after the improvement was duly advertised for bidders, the appellant put in another bid therefor, and his bid being the lowest and best, the contract was awarded to him; that the appellant, after the execution of his bond, entered upon the performance of the contract and completed the same; that afterwards, the engineer made and submitted a report and estimate of the further improvements on *Seminary* street, upon the last mentioned contract, which were adopted by the common council on the 10th of *September*, 1867, and also a full estimate of the cost of said improvements, showing the amount chargeable against each lot and property holder along the line of said improvements, which was also accepted by the common council; that more than twenty days had passed since the last mentioned report and final estimate was made and submitted to the common council; that *William Farrow*, and others named, who are land holders and owners of lots and parcels of ground along the line of the improvements, against whom assessments have been made therefor, had failed and refused to pay the assessments against them, the same being now due from them respectively to the contractor; that on the 1st of *November*, 1867, the appellant made and filed his affidavits in the clerk's office of the city, which are set out and made a part of the affidavit on which the writ was asked, stating, as to each property holder, the amount of said assessment remaining unpaid, the amount paid, and the amount due; that the estimate thereof had been duly made, and that the work estimated had been done according to contract; that the clerk of the city reported the affidavits to the common council at a regular meeting thereof; that the appellant asked the common council to cause a precept to issue for the collection of the

unpaid balance of the assessments against the persons liable therefor, as shown by the affidavits on file; that the common council failed and refused to cause precepts to be issued, contrary to its duty in the premises, but, alleging and insisting that the estimate was not correct, ordered and directed the engineer to make an amended estimate, or report, upon the ground that a part of the work had been paid for to *Lucien P. Chapin.*

The appellees appeared and demurred to the affidavit, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the writ of mandate denied.

The code provides that "the first writ shall be in the alternative, or peremptory, as the court shall direct. Whenever a return shall be made to any such writ, issues of law and fact may be joined, and like proceedings shall be had for the trial of issues and rendering judgment as in civil actions." 2 G. & H., §§ 741, 742, p. 322. The question for the court below was this: Did the affidavit show facts sufficient to warrant the issuing of the writ, either in the alternative or peremptory form? We think the court ought to have issued the writ in the alternative.

The engineer is not the officer to determine as to the amounts paid to the contractor. It is his business to make estimates of the amount of work done under the contract, assessing the proper sums to each property holder along the line of the improvement. The contractor is required to swear to the amounts paid, before he is entitled to his precept. Upon the return to the writ, the common council may make such issues of fact as the case warrants. If, upon the trial of the proper issue, it turns out that the contractor asked for a precept for more than was due him, it will be a good ground of defense.

The affidavit on which the writ was asked, states that the persons anmed, who are land holders and owners of lots along the line of the improvement, against whom assessments had been made therefor, had failed and refused to pay the

assessments against them—the same being then due from them respectively to the contractor. This is an issuable fact. The statement in the affidavit of the ground of the refusal of the common council to issue the precepts does not make it defective. It was, perhaps, necessary to state the ground of the refusal, but stating it is by no means an admission of its truth, in the face of the facts sworn to. The court erred in refusing to issue the writ.

The judgment is reversed, with costs, and the cause remanded, with directions to issue an alternative mandate, and for further proceedings.

*S. Claypool* and *J. A. Matson*, for appellant.

*M. A. Osborn* and *J. Birch*, for appellees.