## THE CITY OF GREENCASTLE *v.* ALLEN.

CITY.—*Liability for Street Improvement.*—Where a city organized and acting under our general law makes a. contract for the improvement of a street at the expense of the property holders, and the contractor does the work in whole or in part, and the engineer refuses to make an estimate, and the council refuses to issue precepts upon the proper application against the property holders, a suit cannot be maintained by the contractor against the city for damages.

SAME.—*Mandate.*—The remedy in such case is by mandate to compel the engineer and council to perform their duties.

From the Putnam Common Pleas.

*S. Turman* and *J. Birch,* for appellant.

*S. Claypool,* for appellee.

PETTIT, J.—This suit was brought by the appellee against the appellant, and the only question that need be decided is this: If a city, organized and acting under our general law for that purpose, makes a contract for the improvement of a street at the expense of the property holders on the street, and the contractor does the work in whole or in part, and the engineer refuses to make an estimate, and the council refuses to issue precepts upon proper application against the property holders on the street, can a suit be maintained by the contractor against the city for damages in money? We answer this question in the negative, and cite, without copying, the following authorities: Acts 1867, p. 66, sec. 69, expressly enacts that in such case " the city shall be liable to the contractors for so much thereof only as is occupied by

public grounds of the city bordering thereon, and the crossings of streets and alleys."

This provision would seem to be very conclusive in itself of the question, but there are many authorities bearing thereon, or directly in point, a few of which we will cite: *Gedney* v. *The Inhabitants of Tewksbury*, 3 Mass. 307; Sedgwick Statutory & Constitutional Law, 402; *City of Boston* v. *Shaw*, 1 Met. 130; *Lang* v. *Scott*, 1 Blackf. 405; *Johnson* v. *The City of Indianapolis*, 16 Ind. 227; *The City of New Albany* v. *Sweeney*, 13 Ind. 245; *The City of Indianapolis* v. *Imberry*, 17 Ind. 175; *Flournoy* v. *The City of Jeffersonville*, 17 Ind. 169; *The City of New Albany* v. *Cook*, 29 Ind. 220.

It may be asked, had the contractor no remedy? We answer, yes. It was by mandate, to compel the engineer and council to do and perform their respective duties. 1 Ind. 72; 2 Ind. 527; 11 Ind. 205; *People* v. *Supervisors of Columbia Co.*, 10 Wend. 363; *Boyce* v. *Supervisors of Cayuga*, 20 Barb. 294; *People* v. *Supervisors of St. Lawrence*, 5 Cow. 292; *Huntington* v. *Smith*, 25 Ind. 484; *Chapin* v. *Osborn*, 29 Ind. 99; *Martin* v. *Mayor, etc., of Brooklyn*, 1 Hill N. Y. 545. The complaint was in two paragraphs, but they are substantially and to all legal effect the same, and the question stated in the forepart of this opinion covers and extends to all parts of both paragraphs of the complaint. A demurrer for want of sufficient facts to each paragraph was overruled and exception taken. This was error. Neither of the paragraphs of the complaint entitled the plaintiff to recover against the city.

The judgment is in all things reversed, at the costs of the appellee, with instructions to sustain the demurrers to both paragraphs of the complaint.