Argued December 19, 1916, reversed January 16, 1917.

# LAIS *v.* SILVERTON.

(162 Pac. 251.)

**Dedication—Statute—Acknowledgment—Signature.**

1. A declaration on a recorded plat that the owner extended one of the streets over adjoining land owned by him, but not platted, and dedicated the extension, which was not signed or acknowledged by the owner and was accompanied by no map, was not a statutory dedication.

**Dedication—Estoppel—Private Way.**

2. Where the owner of three tracts of land lying in a row had platted one of the end tracts and dedicated the streets thereon and then sold the other end tract with an agreement to give a way through the center tract on a line continuing one of the platted streets, and attempted to perform that agreement by doing a dedication of such extension on the recorded plat, but the way was very little used or improved, and the two unplatted tracts later came into the possession of the same owner, there was no dedication of the extension of the street by estoppel.

> [As to presumption of dedication from user of highway, see note in Ann. Cas. 1914D, 335.]

**Municipal Corporations—Public Improvements—Remonstrance—Sufficiency.**

3. A tract of land owned by an individual, but divided in the center by a fence parallel to the street to be paved, which separated the cultivated portion from the pasture land, which tract has been all assessed for the pavement, is to be counted as one entire tract in estimating the area of land owned by those remonstrating against the improvement under a charter providing that, if the owner or owners of two thirds of the property adjacent to a street filed a written remonstrance against the proposed improvement, it shall not be proceeded with.

Appeal and Error—Determination of Case—Decree—Change of Conditions.

4. Where pending an appeal from an order erroneously dismissing a suit for injunction against street paving, for the reason that part of the land of one remonstrant was not to be counted in determining the sufficiency of the remonstrance, the paving had been laid so that the injunction would be ineffectual, a decree will be rendered restraining the city from assessing any of the cost of the improvement against the plaintiffs.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.	Statement by MR. JUSTICE BENSON.

This is a suit by J. G. Lais, J. M. Brown, E. J. Brown, M. Small, J. H. Brewer, A. F. Blackerby and Sophia Blackerby to enjoin the City of Silverton from improving McClaine Street in said city. The substance of the controversy is that the charter of the city provides, *inter alia,* that where it is decided that an improvement shall be made, notice thereof shall be published, "and until five days after the expiration of said notice the owner or owners of two thirds of the property next adjacent thereto may make and file with the council a written remonstrance against the proposed improvement and thereupon the same shall not be proceeded with." It is contended by the plaintiffs that they filed such a remonstrance, which the defendant is ignoring, and that unless it is restrained it will proceed to pave the street as proposed.

An answer having been filed, a trial was had and a decree entered dismissing the suit. An appeal was taken to this court, which resulted in a reversal of such decree and a remand to the trial court to take further testimony as to the extent of the property represented upon the remonstrance "and make findings and decree as all the testimony on that subject shall indicate": *Lais* v. *Silverton,* 77 Or. 434 (147 Pac. 398, 150 Pac. 269, 151 Pac. 712). Further testi-

mony having been taken, a decree was entered dis-- missing the suit, and plaintiffs appeal.     REVERSED.

For appellants there was a brief over the names of *Mr. Richard W. Montague, Mr. Walter C. Winslow* and *Mr. Robert Down,* with oral arguments by *Mr. Montague* and *Mr. Winslow.*

For respondent there was a brief with oral arguments by *Mr. George G. Bingham* and *Mr. John H. McNary.*

MR. JUSTICE BENSON delivered the opinion of the court.

As upon the former appeal, the only question for consideration herein relates to the sufficiency of the remonstrance against the improvement. In the prior opinion it was held that in determining the controversy the superficial area of each tract should be represented upon the remonstrance. At the second hearing it was contended by defendant that a certain large tract of land owned by Matthew Small is bisected by a street, thereby isolating the southern portion of the tract from the proposed improvement and eliminating it from the remonstrance. It is conceded by counsel that, if the remonstrants are credited with the entire tract, the city has no power to make the improvement. The plaintiffs insist that there is no street there, and that the entire area must be considered.

As gathered from the evidence, the history of this road is about as follows: On June 8, 1892, Benedict Phelps was the owner of what is referred to herein as the Matthew Small tract. He also owned the adjacent land on the west. He had previously owned land ad-

joining the Small tract on the east which had been subdivided and platted into blocks and lots as "Phelps' Addition to Silverton." Through this addition there is a roadway known as Center Street, running east and west, which at the last-mentioned date terminated at the west end in what is known as Lower Street, the latter being upon the eastern boundary of the Matthew Small tract. On the date referred to Phelps sold the land west of the Small tract to Kittil Funrue, with a verbal agreement to give him an easterly outlet across the Small tract which should be an extension of Center Street. On August 13, 1892, there was indorsed upon the recorded plat of Phelps' Addition to Silverton the following:

"Survey of an Extention of Center or Middle Street in Phelps' Addition to Silverton. Beginning on the east side of the county road at the west end of said Center or Middle street, which is 60 feet wide; thence west in center of extention 24.87½ chs. to the west boundary of B. Phelps land and east boundary of Kittil Funrue's land 6.25 chains south of the N. E. corner of said Funrue's land. This extention of said Middle or Center street, is 40 feet wide and no more. I hereby dedicate the above-described extention as Public street or highway.

"B. PHELPS.
"By JOHN NEWSOM,
"By request of said PHELPS.

"Recorded Aug. 13, 1892.

"JOHN H. McNARY,
"Recorder."

This "extention" was improved by simply cutting out enough second growth fir trees to enable a wagon to pass through, and there is no evidence of any further work having been done thereon in the 24 years that have elapsed since. There is a conflict in the evidence as to whether Funrue or Phelps did the work

necessary to make the road passable.    There is some
evidence tending to show that Phelps at that time con-
templated cutting up the Small tract into smaller
pieces and selling them with reference to the extension
of Center Street, but he died without having done so.
The Small tract has been at all the times mentioned,
and still is, inclosed by a fence, and the so-called street
extension has always been limited in use by a gate
at each end which had been kept closed except when
opened momentarily to permit the passage of footmen
or wagons.    There is not much conflict as to the nature
of its use, which in the first instance was to enable
Funrue to get to Silverton more conveniently than he
otherwise could, to enable him and others to haul
things to and from his home and for hauling wood cut
on the Phelps land now owned by Small.    In 1909
Small became, and is now, the owner of the Funrue
land.

1, 2. It is clear that there was no statutory dedica-
tion of the extension of Center Street, since the at-
tempted record is not acknowledged, and not even
signed by the owner, and no map or plat thereof was
filed.    It seems equally clear from the evidence that
there was no dedication by estoppel *in pais.*   As to
both of these questions, the conclusion is definitely
settled by this court in the well-considered case of
*Nodine* v. *Union,* 42 Or. 613 (72 Pac. 582).    Hence it
follows that the road across the Small tract was noth-
ing more than a private easement, which could not
possibly have the effect of segregating the land into
two distinct tracts.

3. Defendant insists that the southern portion of the
land in question is not a part of the tract adjacent to
McClaine Street, because within the past few years the
present owner has built a fence just south of the road-

way already mentioned and has been cultivating the northern portion, growing grain thereon, while the southern portion is still full of stumps, and is used only for pasture. In support of this contention we are cited to the following cases: *New Albany* v. *Cook,* 29 Ind. 220, which discloses that A is the owner of a portion of a lot fronting upon a street which is being improved, and B owns the other part of the lot, and his portion is not contiguous to the street upon which the work is being done. The court properly holds that B is not liable to assessment, and as an authority it throws no light upon our problem. *Roming* v. *La Fayette,* 33 Ind. 30, is to the same effect. *State ex rel. Paving Co.* v. *St. Louis,* 183 Mo. 230 (81 S. W. 1104), is a case wherein it is held that for platted lots ending midway between the street improved and the next parallel street, the assessment district under the charter extends only to the midway line between the street improved on which the lots front and the next parallel street, although the owner may disregard the lot lines and for residence purposes use them as one lot extending from street to street. This case does not aid us, for the reason that the conclusion is controlled by an express provision of the charter. We conclude, then, that the Small tract is an integral body of land adjoining the proposed improvement and entitled to full consideration upon the remonstrance, even as the city authorities evidently thought at the time when they passed the assessment ordinance making the work a lien upon the entire tract.

4. Although the complaint prays for a decree restraining defendant from making the proposed improvement and from assessing the property of plaintiffs therefor, it developed upon the oral argument herein that the city has proceeded with and

completed the work while this appeal was pending, and it would now be a futile thing to enjoin the work. The decree will be reversed, and one entered here restraining defendant from assessing the property of plaintiffs for any part of the cost of such improvement.

REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McBRIDE concur.