Nov. Term,
1855.

THE BOARD
OF COMMIS-
SIONERS OF
LA GRANGE
COUNTY
v.
CUTLER.

---

## THE BOARD OF COMMISSIONERS OF LA GRANGE COUNTY *v.* CUTLER.

The board of commissioners of a county is a Court of record, and whatever they do must be presumed to be entered of record. They can only speak by their record, when sitting as a Court, and if a determination is not entered of record, there is no decision.

The prayer of a complaint can not enlarge its allegations.

In *mandamus* proceedings, it has been the practice of the Supreme Court to look into the whole record, and to determine the appropriateness of the remedy, and also whether the facts alleged in the petitioner's affidavit were sufficient to authorize the writ.

Petition against the board of commissioners of *La Grange* county, to show cause why a *mandamus* should not issue, requiring them to enter a judgment, &c. Answer, that before the rule was served, &c., the cause had been taken to the *La Grange* Circuit Court, by appeal; that it had not been returned to them; and the cause not being before them, they could give no judgment upon it. *Held*, that the answer was sufficient.

*Monday,
November 26.*

APPEAL from the *La Grange* Circuit Court.

GOOKINS, J.— *Cutler* applied to the *La Grange* Circuit Court, at the *April* term, 1853, for a rule against the appellants, requiring them to enter a judgment upon a claim which he had presented for services previously rendered as auditor of the county, or to show cause to the contrary at the next term. This was intended, no doubt, as a rule to show cause why a writ of *mandamus* should not issue, requiring them, &c. An affidavit, made by *Frazier*, the

appellee's counsel, which was the foundation of the proceeding, stated the filing in the auditor's office of the plaintiff's claim; that it was presented to the board of commissioners, at their *December* term, 1852, and that they refused to allow it; whereupon he tendered a bond, and prayed an appeal from their decision to the *La Grange* Circuit Court, and that the board refused to take any further action in the matter; that one of the commissioners directed him to leave said bond with the clerk, (who was *ex officio* auditor); that said clerk received the bond and filed it with the papers in the cause. There was a prayer that the board of commissioners be directed to enter up a judgment on said claim, or show cause to the contrary, and send up to the Circuit Court a transcript of their proceedings.

The Circuit Court granted a rule against the defendants, who made return thereto, setting forth as reasons why a peremptory writ of *mandamus* should not issue against them, first, that they had refused to allow the claim because it was not proved before them, and because *Cutler* was indebted to the county in a sum larger than his claim, which ought to be set off against it; and that to make the set-off, and properly to dispose of the whole matter between *Cutler* and the county, was an act which the board was unwilling to do, because they doubted whether they had full power, as a Court, to take cognizance of such questions; and, secondly, that before the rule was served upon them, the said cause had been taken to the *La Grange* Circuit Court by appeal; that it had not been returned to them, and the cause not being before them, they could give no judgment upon it.

*Cutler* demurred to the answer, and assigned for cause, that the return showed no reason why a writ of *mandamus* should not issue, but that it showed a reason why it should issue.

The Circuit Court sustained the demurrer. The appellants asked leave to amend their answer, which was refused, and the rule was made absolute; from which decision they appeal to this Court.

Nov. Term,
1855.

THE BOARD
OF COMMIS-
SIONERS OF
LA GRANGE
COUNTY
v.
CUTLER.

Nov. Term, 1855.

THE BOARD OF COMMIS- SIONERS OF LA GRANGE COUNTY v. CUTLER.

The affidavit which was made the foundation of these proceedings, is wholly insufficient. It states, in substance, that the plaintiff's claim was presented to the board of commissioners, and that they refused to allow it. The board of commissioners is a Court of record, and whatever they did must be presumed to have been entered of record. The affidavit does not negative that presumption, but the contrary is to be inferred from the statement that an appeal was prayed from their decision. They can only speak by their record, when sitting as a Court, and if their determination was not entered of record, there was no decision. The prayer can not enlarge the allegations of the complaint.

The counsel for the appellee does not undertake to defend the affidavit, but insists that it was merely the foundation of the motion for a rule, and that it forms no part of the pleadings in the cause, and further that its defects are cured by the answer.

In cases of *mandamus* which have been before this Court, the practice has been to look into the whole record, and to determine whether it is the appropriate remedy, as well as the question whether the allegations are sufficient to authorize the writ. *Marshall* v. *The State*, 1 Ind. 72.— *Lewis* v. *Henley*, 2 *id.* 332.—*The Board of Commissioners of Johnson County* v. *Hicks, id.* 527. In these cases, the affidavit was examined to see if a case was made that would authorize the writ; and it is said on good authority that "matter must be laid before the Court by which it may appear that the party is entitled to it." Bac. Ab., tit. *Mandamus, a.*

We think, also, the Circuit Court erred in overruling the demurrer to the answer. The second paragraph averred that the cause had been appealed to the Circuit Court, that it had not been returned to them, and they could therefore take no proceedings in it. This the demurrer admitted. The appeal deprived them of any power to proceed in the case, and was a conclusive answer to the rule.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to allow the parties to amend their pleadings.

A. *Ellison*, for the appellants.

J. B. *Howe*, for the appellee.