*N. R. Overman* and *J. Green*, for appellant.

*G. W. Lowly* and *D. Moss*, for appellee.

---●---

The State on the relation of McCarty, Auditor of State, *v.* The Board of Commissioners of Montgomery County.

Mandate—Loss of State Revenue.—Where a loss has resulted to the State by the default of a county treasurer, a mandate will not lie under sec. 198 of the revenue act, (1 G. & H. 113,) to compel the county board to add the amount of such loss to the tax duplicate, until the remedy upon the bond of the defaulting officer has been exhausted, or a showing is made that a suit on the bond would be unavailing.

APPEAL from the *Montgomery* Circuit Court.

Frazer, C. J.—This was an application made on behalf of the State for a writ of mandate against the appellees to compel the levy of a tax within the county of *Montgomery*, sufficient to pay an alleged loss of State revenue which had resulted from the default of one *Schooler*, a former treasurer of that county, in failing to pay into the State treasury. The affidavit on which the motion was founded did not disclose that any suit had been prosecuted against the sureties of the defaulting treasurer, nor that such suit would have been unavailing. By agreement the issue of

the alternative writ was waived, and the question as to the right to a peremptory mandate submitted upon the facts alleged in the affidavit. The writ was refused.

Section 198 of the revenue act, (1 G. & H. 113,) is as follows: "All losses to the State which may be sustained by the default of the assessor, treasurer, or auditor of any county, in the discharge of the duties imposed in this chapter, shall be chargeable to such county, and the board of county commissioners shall add such losses to the next year's taxes of such county, and cause the same to be paid into the State treasury."

It is earnestly argued that the foregoing section does not contemplate the case of a county treasurer who has failed to pay into the State treasury, as required by law, State revenue which has been collected by him, and likewise that the section is unconstitutional. We are not now prepared to assent to either of these propositions, but as a decision of them now is unnecessary, we do not discuss them. The construction of the section is probably a matter of considerable practical importance to the public, since escape from liability as surety upon an official bond has been found easy, and we are disposed therefore to hear further before finally determining it.

The appellee argues that if the county be liable at all, it is an ultimate liability, which cannot be held to exist, or be resorted to, until all remedies against the treasurer and his sureties shall have been exhausted or shown to be unavailing, and that the writ of mandate will not lie in this case because it does not appear that this has been done. This position is founded upon good reason and is supported by authority. Money for which solvent parties are liable cannot be considered lost in the sense of the statute. In the absence of a showing to the contrary, we must presume that the sureties of the treasurer are solvent and liable. Loss to the State must precede any liability on the part of the county. This loss must be such as cannot be repaired by judgment and execution against the sureties and parties

primarily liable. It was not the intention of the statute that the State might pass by the sureties and look to the county, until she had first exhausted all other remedies. *The People* v. *The Supervisors, &c.*, 17 N. Y. 486, is a case exactly in point, and was decided upon a statute so nearly like ours as to create the probability that ours was sug-gested by it.

The judgment is affirmed.

*John Pettit*, for appellant.

*J. E. McDonald, A. L. Roache, J. M. Butler* and *A. Thomson*, for appellee.

