## THE BOARD OF COMMISSIONERS OF BOONE COUNTY *v.* THE STATE, EX REL. RILEY.

HIGHWAY.—*Mandate.*—Where reviewers reported to the board of county commissioners that a proposed highway would be of public utility, and reported an assessment of the damages that would be sustained by those who had remonstrated against the opening of the highway, and the board of commissioners thereupon refused to make an order that the damages be paid out of the county treasury;

*Held,* that a mandate would not lie at the suit of one of the petitioners for the highway, to compel the board of commissioners to make such order and to order that the road be located and opened.

SAME.—*Appeal.*—The remedy of such petitioner is by appeal from the decision of the board of commissioners.

APPEAL from the Boone Common Pleas.

PETTIT, J.—This was a proceeding for a mandate by the appellee against the appellant, and the complaint and motion, verified by affidavit, are as follows:

"Patrick Riley, of lawful age, being duly sworn, on his oath says, that at the June term of the commissioners' court of Boone county, Indiana, he, as principal petitioner, obtained an order from the said board of commissioners, appointing David M. Burns, Robert Prichard, and Isaiah Duncan, as reviewers, to mark, view, and locate a certain road petitioned for by himself and others; who, at the September term of said commissioners' court, made their report to said board in favor of said road, and, amongst other things, then and there reported that said highway was, in their judgment, a work of public utility, etc.

"That at said term last aforesaid, James Nay, Samuel Graham, and Minerva Connear filed their remonstrance against the opening of said highway, on account of the same not being a work of public utility, etc., demanding that reviewers be appointed, to review said road and highway and report upon the utility thereof; and in case said reviewers should deem said road to be a work of public utility, to

VOL. XXXVIII.—13

assess the damages of said remonstrators resulting to them, which they would sustain by reason of the establishment of said road, etc.

"Whereupon, said board appointed John Adair, David A. Caldwell, and Francis M. Busby reviewers in accordance with the prayer of said remonstrance, commanding them to review said road and highway, and if they found the same to be a work of public utility, to assess the damages which the said Nay, Graham, and Connear, remonstrators, would sustain by reason of the establishment of said road as prayed for, etc.; and further directed them, said reviewers, to report to said board at their December term, 1869; that the said reviewers did, in accordance with their said instructions from said board, proceed on the —— day of ——, 1869, to review said road and highway, as directed, etc.; and did, at said December term last past, in obedience to orders given them by said board, make report of their doings in the premises; and said reviewers last aforesaid did, in their said report, among other things, report that said proposed road would, in their judgment, be a work of public utility; and then and there also reported that James Nay would sustain damages in the sum of fifteen dollars; that said Minerva Connear would sustain damages in the sum of forty dollars; and that said Samuel Graham would sustain damages in the sum of fifteen dollars—in all, the sum of seventy dollars, collectively, to said remonstrators, by reason of the establishing of said highway along the proposed line thereof, etc. Whereupon, the said Patrick Riley, by his attorney, C. C. Galvin, filed his motion asking and requiring said board of commissioners to make an order for the payment of said damages out of the county treasury, in accordance with the statute in such case made and provided; which said board then and there refused to do and perform, but on the contrary, in total disregard of their duties, and without any authority of law whatever, made a conditional order, to the effect that if said petitioners would pay said damages so assessed, they could

have the benefit of said road, which order reads in the following words and figures, to wit:

" 'And thereupon, on due consideration had in the premises, the board are of opinion and do find that said proposed road is not of sufficient importance to the public to justify the payment of said damages so assessed out of the county treasury of this county; but order, that in case the said damages should be paid by the petitioners, or deposited by them with the county treasurer for the benefit of said remonstrators, or a release of the same, in writing, filed with the auditor of this county, the board will order said road to be located and established, in pursuance to the statute in such cases.'

"Said affiant further avers that he is informed and verily believes that said board of commissioners refused to make the order for the payment of said damages out of the county treasury on account of a former precedent, heretofore adopted by former boards of said Boone county, and to avoid any payment whatever of damages out of the county treasury for any and all roads that hereafter may be prayed for, upon which damages are assessed or are to be assessed, and not on account of the greatness of the damages in this case; that he is informed and believes that at the time his counsel presented his aforesaid motion to said board, his said counsel urged upon said board to dismiss his (affiant's) said petition at his (affiant's) costs, if in case the said board should be of opinion that said road was not of sufficient importance to the public to authorize the said payment of damages out of the said county treasury, etc.

"That said board totally disregarded the motions, arguments, and suggestions of his said counsel in the premises, and with the intentions aforesaid to avoid payment of damages out of the county treasury, and for no other reasons whatever, made the aforesaid conditional order, etc.; which leaves this affiant without any other legal remedy whatever but the one now here prayed for, as he verily believes, etc.

"Wherefore, this affiant moves the said court to issue a

peremptory mandate against said board of commissioners, to wit, Abijah Robinson, Stephen Gapen, and Manson Head, to require and compel said board to make said order for the payment of said damages aforesaid out of the county treasury of said Boone county, in conformity to the statute in such case made and provided; and, further, that they be required to locate said road of the width of thirty feet, fifteen feet on each side of the line upon which it is proposed to be located, and that they make the necessary orders for the opening and maintenance of same, in all things in accordance with the statute in such cases made and provided; or that they be required to make some orders in reference thereto known to the laws of the State of Indiana."

To this complaint there was a demurrer for want of sufficient facts; overruled, and exception taken; and this ruling is assigned for error.

A mandate will not be granted or lie where the law has expressly provided another remedy. *The Louisville, etc., R. R. Co.* v. *The State, ex rel. McCarty,* 25 Ind. 177; 11 Ind. 205; 1 Ind. 72; 2 Ind. 527; 11 N. Y. 563; 3 Bl. Com. 110. The road or highway could not be opened till the damages assessed were paid or deposited. 1 G. & H. 364, sec. 25. The applicant for the mandate had a different and ample remedy provided by statute (1 G. & H. 364, sec. 26), by appeal, in which the case would be tried as an original one. 8 Blackf. 62; *id.* 289. The object of an appeal from the county commissioners is to give to the parties the benefit of a trial of questions of fact in a court where a jury can be called, where the rules of law can be applied, and the points in controversy judicially determined. *Kemp* v. *Smith,* 7 Ind. 471.

There was final judgment for appellee, and an order for a peremptory mandate against the appellant.

The judgment is reversed, at the costs of the appellee.

*A. J. Boone* and *R. W. Harrison,* for appellant.

*C. C. Galvin,* for appellee.