*O. J. Glessner,* for appellant.

———————◆———————

## THE STATE, EX REL. FULLHEART, *v.* BUCKLES, AUDITOR OF DELAWARE COUNTY.

SOLDIERS.—*Bounty.*—*Legalizing Act.*—The act of March 3d, 1865, to legalize county bonds and orders to pay volunteers' bounties, related back to the time the bonds and orders were issued, and made them valid as though the county boards had then possessed the power to issue them.

COUNTY COMMISSIONERS.—*Auditor.*—Where the board of county commissioners have the power to act in relation to a given matter, their acts are valid and binding, even though they may be erroneous, and the auditor cannot refuse to issue his warrant in accordance therewith, unless such acts are appealed from and legitimately annulled.

The State, *ex rel.* Fullheart, *v.* Buckles, Auditor of Delaware County.

SAME.—*Mandate.*—The writ of mandate is a proper remedy to compel the auditor to issue a warrant for money allowed by the board of county commissioners.

APPEAL from the Delaware Common Pleas.

WORDEN, J.—This was a petition for a writ of mandate by the appellant against the appellee, to require the latter to issue to the relator a warrant or order on the treasurer of said county. Demurrer to the petition for want of sufficient facts sustained, and exception.

Judgment for defendant. The question presented relates alone to the sufficiency of the petition. It alleges, in substance, that the board of commissioners of said county, at their December session, 1864, made and entered of record their order allowing and appropriating to the plaintiff the sum of one hundred dollars, to be paid from the funds of said county to the plaintiff on account of the enlistment and service of the plaintiff as a private in company "B" in the 36th regiment of volunteers, and in consideration of the plaintiff's being credited as such volunteer to said county of Delaware; that such enlistment of plaintiff was made under a call of the President of the United States for three hundred thousand volunteers, and was made at a time when the quota of said county, under said call, was not filled, and the plaintiff was credited as such volunteer in discharge and fulfilment of said quota; that afterward, to wit, at the December session of said board of commissioners, they made and entered of record their further order directing the auditor of said county to make out and deliver an order and warrant to the plaintiff, according to law, for said sum of money so allowed and appropriated as aforesaid; that the plaintiff has not received said order, though he has demanded the same of the auditor, who refuses to issue the same. Prayer for writ of mandate, etc.

We have no brief on behalf of the appellee, and are, therefore, not advised upon what ground the demurrer was sustained, except as we gather it from the appellant's brief.

VOL. XXXIX.—18

That the writ of mandate is a proper remedy in such case cannot be doubted. It is provided by statute (2 G. & H. 322, sec. 739), that "writs of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins; or, a duty resulting from an office, trust or station."

Do the facts alleged entitle the plaintiff to the warrant? We are of opinion that they do.

The orders of the board, when made, may have been void for want of power in the board to make them, but they were legalized by the act of March 3d, 1865, as has been held in a number of cases. This legislative ratification related back to the time the orders were made, and made them as valid as if the board had then possessed the necessary power. The board having made the orders in question, the one appropriating to the plaintiff the money, and the other directing the auditor to issue his warrant to the plaintiff therefor, we do not see how the auditor can question the action of the board, or refuse to issue the warrant. Any tax-payer might have appealed from the orders, but not having done so, they are binding, if the board had the power to make them, which we have seen they had by the relation back of the legislative ratification. As well might the auditor question any other allowance made by the board, and refuse to issue the proper warrant or order therefor. Independently of the ratifying act above mentioned, these orders of the board do not seem to be without authority. They may, perhaps, be regarded as making an allowance to the plaintiff of the sum mentioned, and the boards of commissioners may make allowances at their discretion. 1 G. & H. 64, sec. 7.

However this may be, the duty of the auditor in the premises is very plain. It is provided by statute that "he" (the auditor) "may also draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record, authorized to use a seal, and having jurisdiction beyond that of justices of the peace; or by the board of county commissioners." 1 G. & H. 64, sec. 3. This statute is impera-

tive. The word "may" will be construed as synonymous with "shall," where public interests and rights are concerned, and where the public or third persons have a claim, *de jure*, that the power should be exercised. *Bansemer* v. *Mace*, 18 Ind. 27.

Here was an appropriation by the board of commissioners to the plaintiff of the sum of one hundred dollars, which the board had the power to make, and an order directing the auditor to issue his warrant therefor. These orders of the board are not appealed from, and, so far as appears, are in full force. The auditor cannot nullify them by refusing to issue the necessary warrant. He cannot question the propriety or legality of the acts of the board in this mode. Where the board have the power to act in relation to a given matter, their acts are valid and binding, even though they may be erroneous, unless appealed from or otherwise legitimately annulled.

We are of opinion that the court erred in sustaining the demurrer.

The judgment below is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with this opinion.

BUSKIRK, C. J., having been of counsel in a somewhat similar case, did not participate in the decision in this cause.

*J. Colerick* and *R. C. Bell*, for appellant.

*W. Brotherton* and *C. E. Shipley*, for appellee.