Gill, Auditor, *v.* The State, *ex rel.* The Board, etc., of Ripley County.

No. 7419.

GILL, AUDITOR, *v.* THE STATE, EX REL. THE BOARD, ETC., OF RIPLEY COUNTY.

MANDATE.—*Pleading.*—*Practice.*—*Cases Modified.*—An alternative writ of mandate, when issued, will be taken as in the nature of a complaint in the cause, and must show not only what is claimed, but also, in itself or in connection with the complaint. petition or affidavit on which it issued. the ground on which the claim is made; and the facts stated must be sufficient in law to entitle the party to the writ.   *The Board, etc., of Clark Co.* v. *The State, ex rel.,* 61 Ind. 75; and *The Board, etc., of Boone Co.* v. *The State. ex rel.,* 61 Ind. 379, modified on this point.

SAME.—*Practice.*—*Motion to Quash.*—Where a general motion to quash a writ of mandate has been overruled, no mere technical objections to

Gill, Auditor, *v.* The State, *ex rel.* The Board, etc., of Ripley County.

the writ will be considered on appeal to the Supreme Court, unless it be shown that such objections were distinctly raised in the court below.

SAME.—*Pleading.*—*Demurrer to Complaint.*—A demurrer to a complaint for a writ of mandate raises the question of the sufficiency of the facts averred in the complaint, or complaint and affidavit combined, but can not be carried to the writ, unless addressed to it in terms or by implication.

SAME.—Such demurrer admits all facts which are properly averred, and no question can be raised thereon as to the sufficiency of the verification of the complaint.

PRACTICE.—*Striking out Surplusage in Pleading.*—The Supreme Court will not reverse a judgment for error of the court below in refusing to strike from a pleading immaterial matter or surplusage.

CHANGE OF VENUE.—*Costs Paid by County from which it is Taken.*—*Auditor.*—The provision of the statute of 1873, relating to the payment of expenses of changes of venue, which requires the auditor of the county from which the change was taken, to issue his warrant on the treasurer of the same county for the amount allowed and certified by the court trying the cause, is mandatory, and allows the auditor no discretion; and where, upon his refusal to thus draw his warrant, an alternative writ of mandate is issued against him to show cause, it is not competent for him to attack the order of the court making the allowance, unless, perhaps, for some cause apparent on the face of the order.

SAME.—*Accounts Between Counties.*—*Waiver.*—When notice is given the board of commissioners of the county from which a change of venue has been taken, of the application of the commissioners of the county to which the change was taken, to have the accounts between the counties, growing out of the change of venue, audited by the court trying the cause, and no objection is then made by said first named board, such board can not be heard to make any objections to said accounts in the Supreme Court.

From the Switzerland Circuit Court.

*S. Carter,* for appellant.

*E. P. Ferris* and *W. W. Spencer,* for appellee.

WOODS, J.—This was a proceeding for and upon a writ of mandate, by the appellee against the appellant as auditor of Switzerland county, to compel him to issue a warrant for costs and expenses incurred by Ripley county in the trial of the case of the State against Cincinnatus Bradley, indicted for murder in the former county, and tried on a change of venue in the latter county.

Omitting the title of the cause and the exhibits referred to, the complaint or petition for the alternative writ was as follows, viz. :

"The plaintiff says, that prior to the 5th day of September, 1871, one Cincinnatus Bradley was indicted by the grand jury of Switzerland county, Indiana, for murder in the first degree, and had been arrested and held for trial by the circuit court of said county ; and that, upon the application of the defendant, the venue in said cause was changed to Ripley county, Indiana ; and that a change of venue had also been taken from the judge of the circuit court in said counties of Switzerland and Ripley ; and plaintiffs say, on the 5th day of September, 1871, the cause came up for trial in the Ripley Circuit Court, before the Hon. Frank Emerson, judge, who was appointed and called to try said cause ; and that a jury trial was had in said court, in said cause, and such further proceedings had, that on the 10th day of September, 1871, the defendant was found guilty, and on his application was granted a new trial ; and afterwards, to wit, September 13th, 1872, in said court, before the Hon. George Holland, judge of the criminal circuit court of Wayne county, Indiana, the said cause was set down a second time for hearing ; and that said cause was then continued until November 19th, 1872, before the same judge as aforesaid, when the cause was again continued until the 30th day of April, 1873, when the Hon. Charles H. Test was appointed to hold said court and try said cause ; and that a jury was empanelled to try said cause, and on the 3d day of May, 1873, the jury returned a verdict of guilty of manslaughter ; and on the 8th day of May, 1873, the final judgment in the Ripley Circuit Court was rendered in said cause.

"And plaintiffs say that prior to said 24th day of May, 1873, there had been audited by the judges aforesaid the costs and necessary expenses incurred in said cause in said circuit court of Ripley county, Indiana, the sum of $1,191.51,

and that on the 3d day of March, 1877, in the Ripley Circuit Court, the further sum of $915.15 was audited and allowed in said cause, making in all then due the county of Ripley and State of Indiana, in said cause, already paid out and expended by Ripley county, Indiana, the sum of $2,-106.66 ; and the plaintiffs set out a copy of the auditing of said accounts, in the Ripley Circuit Court, on the 3d day of March, 1877, and makes the same a part of this application ; and plaintiff, the Board of Commissioners of Ripley county, Indiana, say the Board of Commissioners of the county of Switzerland, Indiana, had notice of the application to have the said accounts audited by the Ripley Circuit Court. And plaintiffs say they procurred a certified copy of said order of the Ripley Circuit Court, and on the 7th day of March, 1877, Edwin P. Ferris, the attorney of each of the plaintiffs in this application, presented said order, duly certified, as set out in this application, to John Gill, the auditor of Switzerland county, Indiana, at his office in the city of Vevay, in said county and State, at 3 o'clock P. M., and demanded of him that he issue the warrants to plaintiffs as specified in said order, which he refused to do, to the damage of the relator five hundred dollars. Wherefore plaintiffs ask that a writ of mandate issue against said John Gill, auditor of said county of Switzerland, compelling him to issue said warrants. And the relator demands judgment for five hundred dollars, and all other relief.''

"*The State of Indiana, Ripley County,* ss:

"Christian Elsas, being sworn, on oath says : He has, for two years last past, been one of the commissioners of Ripley county, Indiana, and is now president of the board, and that since the 18th day of January, 1877, Edwin P. Ferris has been the acting attorney employed by said board of county commissioners in open session, as the attorney for Ripley county, and State of Indiana, and that he was fully authorized to make a demand in said cause for said warrants, and

Gill, Auditor, *v.* The State, *ex rel.* The Board, etc., of Ripley County.

to receipt for the same for said board, as set out in the above and foregoing petition, and that all the facts set out in the above petition, as to said board, are true in substance and in fact, as he is informed and believes.

"CHRISTIAN ELSAS.

"Subscribed and sworn to this 2d day of April, 1877, before me, a notary public of Ripley county, Ind.

[SEAL.]    "Witness my hand and seal this day and date above given.    WILLIAM G. HOLLAND,

"Notary Public."

"*The State of Indiana, Ripley County, ss.*

"Before me, the undersigned, a notary public in and for said county, came Edwin P. Ferris, who, being sworn, on oath says: He is a practicing attorney at law in said county, and has been for fifteen years last past; and that on the 7th day of March, 1877, at about 3 o'clock P. M. of said day, as the attorney for each of the plaintiffs in the above and foregoing petition, presented a certified copy of the order of the Ripley Circuit Court, similar to the one which is attached to said petition, to John Gill, Auditor of Switzerland county, Indiana, at his office in the court-house, in the city of Vevay, in said county, and State, and demanded that he issue his warrants upon the treasurer of said county, for the amounts due the plaintiffs, as set out in the said order of the Ripley Circuit Court, which he refused to do; and that he is, and has been, the attorney for each of the plaintiffs in the collection of this claim, and further affiant saith not.

"EDWIN P. FERRIS.

"Subscribed and sworn to before me this 2d day of April, 1877.

[SEAL.]    "Witness my hand and seal.

"JACOB L. BENHAM, Notary Public."

Upon this application the following writ was issued and served upon the defendant, to wit:

Gill, Auditor, *v.* The State, *ex rel.* The Board, etc., of Ripley County.

."The State of Indiana, Switzerland County:

"To John Gill, auditor of Switzerland County, Indiana: You are hereby commanded, in the name of the State of Indiana, in obedience to an order made and entered in the Circuit Court of said county this day in the case entitled, 'The State of Indiana, on the relation of the Board of Commissioners of the County of Ripley et al., vs. John Gill, auditor of Switzerland county, Indiana, No. 1567, to issue warrants on the treasurer of Switzerland county, Indiana, to the following persons for the following sums, to wit:

To the Board of Commissioners of the county of

Ripley, - - - - - - - - $2106.66."

(And here naming others whose names were stricken from the case, and need not be further referred to) "or show cause to said court at or before 4 o'clock P. M. of this day why you do not issue such warrant." Attested by the seal of the court and the signature of the clerk.

The exhibits referred to correspond with the averments.

It is assigned for error that the court erred in overruling:

1. The motion to quash and reject the writ of mandate;

2. The motion to strike out the exhibit of the record of the Ripley Circuit Court;

3. The motion to dismiss the complaint, petition, affidavit, or application for a mandate;

4. The demurrer to said complaint, etc.;

5. In sustaining the demurrer to the appellant's return to the writ of mandate;

6. In overruling the appellant's motion for a new trial;

7. In rendering judgment against the appellant, that he issue his warrant on the treasurer of Switzerland county for $1180.86.

The motion to quash and reject the writ was made upon the grounds that the writ did not set forth or recite the substance of any petition or affidavit, and was issued without

any affidavit or sworn petition being filed, setting forth the facts on which the plaintiff asked and was entitled to the writ.

The appellant's demurrer was not addressed to the writ, but to the complaint or application therefor, and was upon the ground of insufficiency of facts stated, etc. The motion to dismiss the complaint or application was on the ground that "The same and its material allegations are not verified by, and sworn to, by plaintiffs, or any one in their behalf."

In several recent cases it has been declared, as a rule of practice in this class of cases, that the alternative writ of mandate constitutes the plaintiff's cause of action or complaint, to which the defendant may demur or plead as in an ordinary action. *The Board, etc., of Clark County* v. *The State, ex rel.*, 61 Ind. 75 ; *The Board, etc., of Boone County* v. *The State, ex rel.*, 61 Ind. 379 ; *Johnson* v. *Smith*, 64 Ind. 275 ; *Jessup* v. *Carey*, 61 Ind. 584 ; *Smith* v. *Johnson*, 69 Ind. 55.

Counsel for the appellee insist that when this cause was submitted (Nov. 27th, 1878) a different rule obtained, resting on a long line of decisions, and urge that we return to the former practice of treating the writ as a summons or notice to the defendant to answer the complaint or application of the plaintiff. The cases cited are : *Lewis* v. *Henley*, 2 Ind. 332 ; *The Board, etc., La Grange County* v. *Cutler*, 7 Ind. 6 ; *Draper* v. *Cambridge*, 20 Ind. 268 ; *The Board, etc.*, v. *The State, ex rel.*, 38 Ind. 193 ; *The State, ex rel.*, v. *Buckles*, 39 Ind. 272 ; *The State, ex rel.*, v. *The Board, etc.*, 45 Ind. 501 ; *Cory* v. *Carter*, 48 Ind. 327.

Counsel argue that the standing of the plaintiff in court, and his right to the relief prayed for, should depend on the averments of his application, and not on the form or contents of the writ issued by an officer, whose action in the premises the plaintiff does not control, and for which he ought not to be held responsible. In *Lewis* v. *Henley*, 2

Ind. 332, a demurrer to the answer to the *mandamus* was carried back to the application, which was held insufficient. No question seems to have been made as to the contents or recitals of the writ.

The question arose in the same way in *The Board, etc.,* v. *Cutler,* 7 Ind. 6, and the point was made by counsel that the affidavit was no part of the pleading, but was only the foundation for the motion for a rule, and its defects cured by the answer, but this court held the affidavit insufficient, saying, "The practice has been to look into the whole record, and to determine whether" mandamus "is the appropriate remedy, as well as the question whether the allegations are sufficient to authorize the writ." Nothing is said of the contents of the writ itself. In *Draper* v. *Cambridge,* 20 Ind. 268, this court reversed the action of the circuit court in overruling a demurrer to the complaint, following the last named case as controlling, and nothing was said of the writ. The record is the same in *The Board, etc.,* v. *The State, ex rel. Riley,* 38 Ind. 193. In *The State, ex rel. Fullheart,* v. *Buckles,* 39 Ind. 272, the lower court sustained the demurrer to the petition, and, refusing the writ, gave judgment for the defendant. This court reversed that action. There was, of course, no question made upon the contents of a writ which was not granted. In *The State, ex rel.,* v. *The Board, etc.,* 45 Ind. 501, this court affirmed the action of the circuit court in sustaining a demurrer to the affidavit or petition. In *Cory* v. *Carter,* 48 Ind. 327, the alternate writ issued, the defendants appeared and filed demurrers to the complaint (not the writ), which were overruled, and the peremptory writ ordered. This judgment was affirmed in general term, and on appeal to this court reversed. The discussion and decision were upon the question of the sufficiency of the facts alleged in the complaint or petition for the writ, and not of the writ itself. To the same general effect, as to the question of practice, may be cited: *The*

*Board, etc.*, v. *Hicks,* 2 Ind. 527 ; *Smith* v. *Talbott,* 11 Ind. 144 ; *The State, ex rel.,* v. *The Board, etc.,* 25 Ind. 210 ; *Chapin* v. *Osborn,* 29 Ind. 99 ; *The Board of Commissioners, etc.,* v. *The Louisville, etc., R. W. Co.,* 39 Ind. 192 ; *Sankey* v. *The Terre Haute, etc., R. R. Co.,* 42 Ind. 402 ; *The Green Mount, etc., T. P. Co.* v. *Bulla,* 45 Ind. 1 ; *Huff* v. *Kimball,* 39 Ind. 411; *Fogle* v. *Gregg,* 26 Ind. 345 ; *Gulick* v. *New,* 14 Ind. 93 ; *Manson* v. *The State, ex rel. Lee,* 66 Ind. 78.

The citations given are not exhaustive, but no case has come under our observation, decided before the cases in 61 Ind., wherein the alternative writ was treated as the complaint, or any question made as to its validity or sufficiency, by reason of failing to set forth or recite the facts averred in the affidavit, petition or complaint.

It may, therefore, be fairly said that a radical departure in the practice was made, when it was declared in *The Board, etc., of Clark Co.* v. *The State, ex rel. Lewis, supra,* "'that the writ must be taken as in the nature of a complaint in the cause," and "must therefore show what is claimed, and the ground upon which the claim is made ; and the facts stated must be sufficient in law to entitle the party to the writ."

In the cases cited wherein this doctrine was announced, the writs did recite the facts, or set forth copies of the complaint and affidavits on which they were granted, and, as applied in those cases, the rule did and could do no injustice ; but we are not disposed to extend the application of the rule, in its literal sense, to cases where proper complaints or applications and affidavits were filed, but not set forth nor the facts recited in the writs. The principal office of the alternative writ clearly is to notify the party defendant what it is sought to have him commanded to do, and to give him an opportunity to show cause against such mandate. The grounds of the application he can learn by resort to the files,

just as he may learn the contents of any ordinary complaint. And if, technically, the clerk should copy the petition, complaint or affidavit into the writ, or recite the material facts, his failure to do so should be deemed a *misprision*, amendable at any time by reference to the original papers, and, this amendment being one to be made of course, we will deem it to have been made, and will not quash the writ, or hold it insufficient on demurrer, if the petition, complaint or affidavit on which it was granted is shown to be sufficient. To state it in other words: "The alternative writ, when issued, will be taken as in the nature of a complaint in the cause," and "must show what is claimed, and in itself, or in connection with the complaint, petition or affidavit on which it issued, show the ground on which the claim is made; and the facts stated must be sufficient in law to entitle the party to the writ."

This we think in harmony with the spirit of the code, and with the practice which has long obtained in this class of cases, and, while it does not overrule, will prevent any undue extension or misapplication of the rule enunciated in the later cases referred to.

It follows, from the conclusion stated, that the motion to quash the writ, on the ground that it did not recite the substance of nor set forth any petition or affidavit, was properly overruled; and the other alleged ground for the motion, that the writ issued without any sworn petition or affidavit being filed, etc., the record shows not to be true in fact. The point sought to be made in the brief of counsel for the appellant is, that the oath of Christian Elsas does not cover all the facts set out in the petition, by reason of the phrase, "as to said board," being inserted in the oath, but the general words used in the motion to quash were not calculated to direct the attention of the court to this question, and if it were conceded that the point is technically good, it is a technical point, which the appellant will not be allowed to avail

himself of in this court, without showing that it was distinctly raised in the court below. The same considerations are applicable to the motion to dismiss the complaint or application, which was based on ground stated in terms too general to suggest the narrow and technical objections which are urged upon our consideration.

The demurrer, treating it as properly in the case, raises the question of the sufficiency of the facts averred in the complaint, or complaint and affidavits combined, but can not be carried to the writ, because not addressed to it in terms or by implication. The demurrer admits all facts which are properly averred, and no question can be raised thereon as to the sufficiency of the verification appended to the complaint.

Aside from the record of the proceedings in the Ripley Circuit Court, which are attempted to be made a part of the petition or complaint, as exhibits filed therewith, but which, counsel insist and perhaps correctly, can not be so regarded, the complaint shows at least a *prima facie* right to the alternative writ, and the demurrer was properly overruled. This is true, whether you consider the case to be governed by the act approved March 10th, 1873, Acts 1873, Spec. Sess., p. 221, which had gone into effect before the final order of the Ripley Circuit Court adjusting the claim was made, or by sections 99 and 100 of the code of 1843, which have been held to have been continued in force, in such cases, since the adoption of the code of 1852. *The Board, etc.,* v. *Summerfield,* 36 Ind. 543. But they are perhaps superseded by the act of 1873.

If the court committed any error in refusing to strike out the record of the proceedings of the Ripley Circuit Court, which was filed as an exhibit with the complaint, it is not an error for which this court will reverse the judgment of the court below. This court has never reversed a judgment because of the refusal of the lower court to strike out

of a pleading immaterial matter or surplusage; at least, no such case has been cited or come under our observation.

The ruling on the motion for a new trial presents no question, because no trial was had, judgment having been given upon the sustaining of the demurrer to the defendant's return or answer to the writ, as for want of answer. Neither does the assignment, that the court erred in rendering judgment against the appellant that he issue his warrant for the sum named, present any distinct question.

The remaining question is whether the court erred in sustaining the demurrer to the return made to the alternate writ of mandate. The substance of the return was, that in the sum allowed by the Ripley Circuit Court, as chargeable against the county of Switzerland, and for which the appellant was required to show cause why he should not draw his warrant on the treasurer of said county in favor of Ripley county, were included sums for which the court had no right to make an allowance, and which were not lawful and proper charges against either county, and an itemized statement of the alleged illegal charges is given in the return.

The appellee insists that the order of the circuit court of Ripley county, making the allowance and ordering the issue of the warrant, is conclusive on the parties, and bars any inquiry into the legality or amount of the allowance.

In the case of *The Board of Commissioners of Brown County* v. *Summerfield,* 36 Ind. 543, it was held that the order of the court making the allowance in such a case was *prima facie* evidence only of the amount due. This decision was made under and with reference to sections 99 and 100 of the code of 1843, which sections were in that case again affirmed to be in force. But by the act of March 10th, 1873, which, by force of an emergency clause, went into effect at once, it was enacted, "That in all cases, civil or criminal, where there has been or shall be a change of

venue from one county to another, the county from which. the change of venue shall have been or shall be taken, shall be liable to pay to the county to which such change shall have been or shall be taken, all such expenses as shall have been or shall be incurred by such county to which such change shall have been or shall be taken, in consequence of such change, including in criminal cases the expense of keeping the prisoner, if any, and in all cases, the fees paid by such county to the jury trying the case, and any of the regular panel not engaged in such trial, allowance to bailiffs, and all other expenses necessarily incurred by such county, and consequent upon such change of venue and the trial of such cause ; such expenses shall be audited and allowed by the court to which such cases shall have been changed, and such court shall certify such allowance to the auditor of the county from which the change of venue was first taken, and such auditor shall issue his warrant on the treasurer of the county for the amount so allowed and certified : *Provided,* That this act shall not apply to causes disposed of prior to its passage."

The law of 1843, referred to, provided that the costs and charges should "be audited and allowed by the court trying the cause," but contained no provision like that in the act of 1873, that the "court shall certify such allowance to the auditor of the county from which the change was taken, and such auditor shall issue his warrant on the treasurer of the county for the amount so allowed and certified."

This provision is mandatory, and permits of no discretion on the part of the auditor ; and in case of a refusal on his part to draw his warrant, and of the issue of an alternative writ of mandate against him to show cause, it is not competent for him to attack the order of the court making the allowance, unless, perhaps, it might be for some cause apparent on the face of the order itself. Nothing of the kind is shown. in this case.

Whether it would be competent for the county against which the allowance was made to appear in the court which made the allowance, and, upon proper notice to the adverse party, to move for a correction of the order, we need not decide. The complaint in this case avers that the Board of Commissioners of Switzerland county had notice of the application to have said accounts audited by the Ripley Circuit Court. While, perhaps, it was not necessary that such notice should have been given, it having been given, and said board having had an opportunity afforded them to make objections against any improper items, if any there were, included in the allowance, the appellant has no just ground of complaint, if now denied the right to make objections.

The case in which the disputed allowance was made was still pending when the act of 1873 went into effect, and there can, therefore, be no question but that the case is governed by the provisions of that act.

In further support of the construction which we have placed upon this act, we may call attention to section 3 of the act concerning allowances, 1 R. S. 1876, p. 62, which provides that "He (the auditor) may also draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record, authorized to use a seal, and having jurisdiction beyond that of justices of the peace ; or by the board of county commissioners." It has been held that this statute is imperative, and that the word "may" will be construed as synonymous with "shall," where public interests and rights are concerned, and where the public or third persons have a claim *de jure*, that the power should be exercised. *Bansemer* v. *Mace*, 18 Ind. 27 ; *The State, ex rel. Fullheart,* v. *Buckles*, 39 Ind. 272. In the latter case WORDEN, J., says : "Here was an appropriation by the board of commissioners to the plaintiff of the sum of one hundred dollars, which the board had the power to make, and an order directing the auditor to issue his warrant therefor. These orders

of the board are not appealed from, and, so far as appears, are in full force. The auditor can not nullify them by refusing to issue the necessary warrant. He can not question the propriety or legality of the acts of the board in this mode. Where the board have the power to act in relation to a given matter, their acts are valid and binding, even though they may be erroneous, unless appealed from or otherwise legitimately annulled."

In the matters sought to be questioned in this case, the circuit court, by force of the law quoted, had the power to act, and its acts, within the scope of the powers so given it, are not less binding on the county or county's agents than are the orders of the county board in matters wherein the power to act is vested in the board.

Judgment affirmed, with costs.