Potts *v*. The State, *ex rel*. Ogg.

---

NO. 7740.

POTTS *v*. THE STATE, EX REL. OGG.

PRACTICE.—*Writ of Mandate.*—*How Obtained.*—A writ of mandate is properly obtained upon a motion in open court, founded upon an affidavit or petition sworn to and filed.

SAME.—*Alternative Writ, How Served and Returned.*—An alternative writ of mandate is served by delivering the writ itself to the party, and the sheriff's return of service is made upon a certified copy of the writ.

SAME.—*Demurrer to Complaint.*—A demurrer to the complaint or petition, or affidavit, and the order or writ issued thereon, raises the question of the sufficiency of the cause of action.

SAME.—*Answers Equivalent to Return.*—*Demurrer.*—*Reply.*—In such case, answers to a complaint may be regarded as constituting substantially a return to the writ, and may be demurred or replied to.

MANDATE.—*Township Trustee.*—*Supervisor of Highways.*—A complaint, affidavit or petition, on the relation of a supervisor of highways, against the trustee of the township, alleging that the relator had allowed a laborer for work done, and had given him an order for its payment, and that said trustee, on demand, refused to pay said order out of

moneys in his hands applicable to its payment, contains facts sufficient to warrant the issuing of an alternative writ, and, on proper proof, to warrant a judgment that a peremptory writ of mandamus issue against the defendant, commanding him to pay said order from the road tax in his hands.

SAME.—*Practice.*—*Summons.*—A summons is not necessary in a proceeding for mandate. The alternative writ is the proper process.

From the Hancock Circuit Court.

*M. Marsh* and *J. H. Mellett*, for appellant.

*A. L. Ogg*, for appellee.

BICKNELL, C. C.—The appellee's relator, Adams L. Ogg, filed a complaint in the clerk's office of the Hancock Circuit Court, entitled as follows:

"Hancock Circuit Court, fall term, 1878. The State of Indiana, on the relation of Adams L. Ogg, *v.* William Potts. Affidavit, Complaint and Petition for writ of Mandamus."

It began as follows: "The plaintiff, Adams L. Ogg, being duly sworn, complains of the defendant, William Potts." It averred that Ogg was Supervisor of Highways for district No. 12, in Centre township, in the county of Hancock, and was also a freeholder and taxpayer resident in said district; that he, in the year 1877, duly notified the hands in said district, and had the road tax for that year worked out, pursuant to the statute, except a delinquency of $47, which was not paid, and which he duly reported in his annual report for 1877, as due to that district; that said $47 was collected by the treasurer of Hancock county, and was by him paid over to the defendant, William Potts, who was the trustee of said Centre township; that in 1878 said Ogg, as supervisor of said district, employed Robert Miller to do certain necessary work on the highways thereof; that said work was properly done, and was of the value of $25.50; and that Ogg, as supervisor, gave Miller an order on Potts, as trustee, for said $25.50, which order was as follows:

"STATE OF INDIANA, HANCOCK COUNTY.

Robert Miller, with Centre Township in Account, Dr.
To labor, in repairing public highways in road dis-
   trict No. 12, seven days, team and driver  -  -  $21.00
Four and a half days manual labor  -  -  -  -  -  4.50

                                        $25.50

"William Potts, Trustee of Centre Township.

"Sir :—The work itemized in the above bill of Robert Mil-
ler was done by my order ; the claim is correct and just. You
will please pay it out of the fund (forty-seven dollars) now
in your official possession to the credit of said district No.
12, the said fund being a part of the road tax, levied on
property within said district, for the year 1877, collected by
the treasurer of Hancock county, and by him paid to you
since the last June settlement.     ADAMS L. OGG,
October 15th, 1878.           Supervisor District."

That said Potts, on demand made, refused to pay said
order.

The complaint prayed for an order of the court, com-
manding said Potts to pay said claim out of the fund afore-
said, and to set apart and appropriate to the benefit of the
highways of said district all the remainder of said fund of
$47, or show cause why he should not. The complaint was
subscribed and sworn to by the said Adams L. Ogg, and
was endorsed with a direction to the clerk to issue a sum-
mons thereon, returnable November 2d, 1878.

The issuing of a summons was altogether superfluous,
and the foregoing was not the right mode of proceeding to
obtain a writ of mandate. Such a writ is properly obtained
upon a motion in open court, founded upon an affidavit or
petition sworn to and filed. The appellee, therefore, on the
22d day of October, of October term, 1878, of the Hancock
Circuit Court, filed in that court, in open court, his said com-

plaint, duly verified, as aforesaid, and thereupon moved for and obtained an order of the court, "that the said defendant, William Potts, as such trustee as aforesaid, be commanded to appear in this court on the 18th day of the present term thereof, the same being the 2d day of November, 1878, and answer the said complaint, and to show cause, if any he have, why the prayer of said complaint shall not be granted, and the moneys being and remaining in his hands, of the road taxes collected of property within said road district No. 12, be set apart by him for, and applied to, the benefit of said road district and the public highways therein situate, and to the payment of orders drawn by said relator, for work and labor performed thereon, and that a certified copy of this record and order be directed to, and served on, the said defendant, as required by law, returnable on said 2d day of November, A. D. 1878."

This order may be regarded as an informal alternative mandate, although strictly an alternative mandate requires the party to do the thing demanded, or show cause why it is not done. The mode of service directed in this writ was wrong; an alternative writ of mandate is served by delivering the writ itself to the party, and the sheriff's return of service is made upon a certified copy of the writ. *The Board of Commissioners, etc.,* v. *The State, ex rel.,* 61 Ind. 75 ; Practice Act, sec. 740. The party defendant is also required to make his return to the writ, which is in the nature of an answer. *Ib.* ; Practice Act, sec. 742. Formerly, the writ was objected to by a motion to quash, and this motion could be made only after a return made by the party. *Rex* v. *The Margate Pier Co.,* 3 B. & Ald. 229. And defects in the affidavit or petition were good grounds for quashing the writ; but, under our statute, the writ is held to be in the nature of a complaint, and the defendant may

demur to it or plead to it as in an ordinary action. *The Board of Commissioners, etc.,* v. *The State, ex rel.,* 61 Ind. 379. The return of the party was always traversable, and regulated by the ordinary rules of pleading, *Rex* v. *The Mayor,.etc.,* 2 T. R. 456 ; except that nothing could be intended in a return. *Rex* v. *The Mayor, etc.,* 2 Salk. 431. Now, the return may be in separate paragraphs, and may be met by reply or by demurrer. *The Board of Commissioners, etc.,* v. *The State, supra.*

In *Jessup* v. *Carey,* 61 Ind. 584, a complaint was filed, praying for a mandate, but no alternative writ was issued. The defendants appeared and answered the complaint, as in ordinary cases. The court said : "Upon his affidavit filed, the appellee should have moved the court for an alternative writ of mandate.    *    *    This alternative writ of mandate would then have constituted the plaintiff's complaint, or cause of action ; and upon it issues of law or fact might have been joined, as in other cases."

In the subsequent case of *Gill* v. *The State, ex rel.,* 72 Ind. 266, there was a complaint or petition ; there was also an alternative writ of mandate, followed by a motion to quash the writ, a motion to dismiss the complaint or petition, and a demurrer to the complaint or petition ; there was also a return to the writ of mandate, and a demurrer to that return. The court, in this case, modified its previous rulings, hereinbefore cited, and held that the petition and writ must be taken together, and that the writ could not be quashed for failing to recite the material facts, if the petition was sufficient, and that "The alternative writ, when issued, will be taken as in the nature of a complaint in the cause, and must show what is claimed, and in itself, or in connection with the complaint, petition or affidavit on which it issued, show the ground on which the claim is made ; and the facts stated must be sufficient in law to entitle the party to the writ."

Following this decision, we must hold that the demurrer in the case at bar properly raises the question as to the sufficiency of the cause of action.

The facts stated in the affidavit, complaint or petition, fully warranted the issuing of an alternative mandate. Acts 1877, p. 135, sec. 29 ; *The State, ex rel.,* v. *Hamilton,* 5 Ind. 310 ; *The State, ex rel.,* v. *Buckles,* 39 Ind. 272 ; *Hamilton* v. *The State, ex rel.,* 3 Ind. 452 ; 1 R. S. 1876, p. 855.

After the sufficiency of the cause of action had been thus tested, the next proper proceeding would have been a return to the writ. The statute requires that "the person, body or tribunal to whom the same shall be directed and delivered, shall make return, and for neglect to do so, shall be proceeded against as for a contempt." Practice Act, sec. 740. The statute further provides that, when a return is made, issues of law and fact may be joined thereon. The appellant, however, in the case at bar, made no formal return ; instead thereof, he filed an answer, which commenced thus : "The defendant, for answer to the motion, says," etc., and continued thus : "for further answer to said motion and affidavit, the defendant says," etc.

The court sustained demurrers to each of the second, third and fourth of these defences, and the cause was tried by the court without a jury, upon the cause of action and the general denial. The court found for the plaintiff's relator, and rendered judgment "that a peremptory writ of mandamus issue against the said defendant, William Potts, commanding him to pay Robert Miller, from the road tax of road district No. 12, of Centre township, Hancock county, Indiana, the sum of twenty-five $\frac{50}{100}$ dollars, and that said defendant pay the costs of the suit." We think the answers aforesaid may be regarded as constituting substantially a return to the writ, although they are not such in form ; that the issue was properly before the court.

The appellant moved for a new trial, and alleged reasons therefor as follows :

1st. That the proceeding was not sustained by the evidence ;

2d. That the finding was contrary to law ;

3d. That the finding was contrary to the evidence.

The motion for a new trial was overruled, and the appeal followed. The errors assigned by the appellant are :

1st. The court erred in overruling the demurrer to the affidavit and motion ;

2d. The court erred in sustaining the demurrers to the second, third and fourth paragraphs of the answer ;

3d. The court erred in overruling the motion for a new trial.

The second, third and fourth paragraphs of the answer were properly held insufficient. The court committed no error in overruling them. The cause of action, although somewhat informal, was substantially sufficient. The finding of the court was right upon the evidence. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is, therefore, ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things, affirmed, at the costs of the appellant.