HART, AUDITOR, v. STATE, EX REL. HITE, ET AL.

[No. 19,769.   Filed June 24, 1903.]

MANDAMUS.—*Process.*—*Alternative Writ.*—The issuance and delivery of the statutory writ to the defendant for his return or answer thereto is the exclusive mode of bringing a defendant into court in a mandamus proceeding.   *pp. 190, 191.*

SAME.—*Appeal.*—*Absence of Writ from Record.*—*Presumption.*—Where a transcript on appeal in mandamus purports to contain a full, true and complete copy of all papers, etc., on file, and does not contain a copy of the alternative writ, it will be presumed that such writ was not issued, and, in the absence thereof, defendant's motion to quash the summons should have been sustained. *pp. 191–193.*

APPEARANCE. — *Mandamus.* — *Motion to Quash Summons.* — *Answer.* — *Waiver.*—Where the defendant in a mandamus proceeding entered a special appearance and objected to the sufficiency of the process, his subsequent appearance and answer in obedience to the rule of the court did not amount to an abandonment or nullification of his exceptions to the sufficiency of the process.   *p. 193.*

From Marion Circuit Court (11,292); *H. C. Allen,* Judge.

Mandamus by State, on relation of Margaret Hite and others, against William H. Hart, Auditor of State.   From a judgment for relators on demurrer to answer defendant appeals.   *Reversed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *Rowland Evans,* for appellant.
*W. S. Shirley,* for appellees.

HADLEY, J.—Appellees, as relators, filed in the Marion Circuit Court their verified petition, reciting that they had

previously recovered in the Morgan Circuit Court, on appeal from the board of commissioners of Morgan county, a judgment in their favor, as stockholders of the First National Bank of Martinsville, for taxes wrongfully assessed against their shares; that of said judgment $106 was for state taxes, which had been collected by the treasurer of Morgan county for the State, and by him paid into the state treasury, where the same remained; that pursuant to the terms of said judgment the auditor of Morgan county had issued to relators a certificate calling for $106, and addressed to the Auditor of State, which certificate the relators had presented to appellant, and demanded of him that he audit said judgment and claim, and issue to relators his warrant upon the Treasurer of State for the payment thereof. Refusal by appellant, and funds in the state treasury are alleged. Prayer for a writ of mandate against appellant "to show cause why he shall not be compelled to audit said claim and judgment * * * and issue his warrant therefor." On November 2, appellant appearing specially and solely for the purpose of the motion, moved the court to quash the summons issued and served upon him, because said summons was insufficient in law to require the respondent to answer thereto. The motion to quash was overruled, and appellant ruled to answer, whereupon appellant filed an answer to the merits, to which appellee's demurrer was sustained, and, appellant electing to stand by his answer, judgment was rendered against him, and he appeals.

The assignments count upon error of the court in overruling appellant's motion to quash the summons, the insufficiency of the complaint, and in sustaining the demurrer to his answer.

We have become satisfied that the court erred in overruling appellant's motion to quash the summons issued in this case. Mandamus is a special proceeding in which

a specific notice to the defendant is provided, and the issuance and delivery of the statutory writ to the defendant for his return or answer thereto ·is the exclusive mode of bringing a defendant into court in such an action. *Board, etc.,* v. *Mowbray,* 160 Ind. 10; *Gill* v. *State, ex rel.,* 72 Ind. 266, 274.

The precipe for the transcript in this case directs the clerk to prepare and certify a full, true, and complete transcript of all the proceedings, papers on file, etc. The clerk certifies that the transcript contains full, true, and correct copies of all the papers on file, and of all entries of proceedings, etc. A verified complaint for a writ of mandate appears in the record, but no alternative or peremptory writ. Subsequently, in return to a writ of *cerliorari* the clerk certified up an ordinary summons that appears to have been issued and served upon the appellant. Under §662 Burns 1901, where the defendants all appear to an action, the summons is thereby carried out of the record, and can be restored only by a bill of exceptions. *Cincinnati, etc., R. Co.* v. *Heim,* 97 Ind. 525; *Cincinnati, etc., R. Co.* v. *Street,* 50 Ind. 225.

Upon this state of facts it is argued by appellees: (1) That the answer of appellant to the merits eliminated the initial process from the record, and, it not having been returned by a bill of exceptions, we must presume, in favor of the circuit court, that the process was such as the law sanctions; (2) that the answer operated as a waiver of the alternative writ.

1. The first process in this class of actions is not a summons within the meaning of §662, *supra.* The statutes regulating proceedings in mandamus provide that the writ shall be issued upon affidavit and motion, and made returnable as the court shall direct, and the person to whom directed shall make return. §1183 Burns 1901. ·The first writ shall be in the alternative, or peremptory as the court

shall direct (§1184), and when a return shall be made to such writ issues of law and fact may be joined thereon as in civil actions (§1185).

Since *Gill* v. *State, ex rel.*, 72 Ind. 266, this court has adhered to the rule there announced that while under the foregoing statute the foundation of an action for mandate is the verified petition and motion upon which the writ is based, yet, after it has been issued, the writ itself assumes the nature of a complaint upon which issues of law and fact may be formed; and that in testing the sufficiency of the facts to authorize the action, the petition and alternative writ must be considered together as constituting the cause of action. It is also held to be acceptable practice for the defendant to demur to the petition and alternative writ collectively; and so closely are the two united that it is also held that a demurrer addressed to the alternative writ alone will search the verified petition and motion, and if in these pleadings enough facts are stated to entitle the plaintiff to the writ, the demurrer should be overruled. The approved rule is thus stated: " 'The alternative writ, when issued, will be taken as in the nature of a complaint in the cause, and must show what is claimed, and in itself, or in connection with the complaint, petition or affidavit on which it is issued, show the ground upon which the claim is made; and the facts stated must be sufficient in law to entitle the party to the writ.' " *Gill* v. *State, ex rel., supra; Potts* v. *State, ex rel.*, 75 Ind. 336; *Wampler* v. *State, ex rel.*, 148 Ind. 557, 38 L. R. A. 829; *Board, etc.,* v. *Mowbray,* 160 Ind. 10.

It thus appears that the alternative writ is inseparable from the complaint in considering the sufficiency of the cause of action. It being an essential part of the complaint or foundation of the action, it was a paper on file, and a part of the record, in the same sense as the complaint itself, and, if issued, should have been certified with the complaint as a part of the transcript. Therefore, view-

ing the transcript as it comes to us, certified by the clerk to contain full, true, and correct copies of all papers, etc., on file, we must accept it as a verity, and assume that no alternative or peremptory writ was issued. Without the issuance and delivery to the defendant of an alternative writ, there was no proper process, and appellant's motion to quash should have been sustained.

2. Appellant appeared at the threshold of the trial and by special appearance objected to the sufficiency of the process. His objection was overruled, and he duly excepted. His subsequent appearance and answer in obedience to the rule of the court was not an abandonment or nullification of his exception.

Judgment reversed as of date of submission, with instructions to sustain appellant's motion to quash the summons.

Jordan, J., did not participate in the decision of this case.