## INDIANA NATURAL GAS & OIL COMPANY v. STATE, EX REL. ARMSTRONG.

[No. 20,282. Filed May 24, 1904.]

MANDAMUS.— *Alternative Writ.* — *Waiver of Objections.*—Where defendant appeared to a mandamus proceeding without objection, and by demurrer presented the question as to whether the facts stated constituted a cause of action, an objection that the alternative writ did not, on its face, purport to have been issued by the court, was thereby waived. *p. 691.*

NATURAL GAS.— *Supplying Gas.*—A corporation engaged in supplying natural gas to the inhabitants of a city may not refuse to supply an inhabitant with gas on the ground that it is unable to procure a supply of gas beyond what is required to supply its customers already connected with its mains. *pp. 691, 692.*

From Tipton Circuit Court; *James F. Elliott,* Judge.

Mandamus, on the relation of Alexander C. Armstrong, against the Indiana Natural Gas & Oil Company. From a judgment for relator, defendant appeals. *Affirmed.*

*W. O. Johnson, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf*, for appellant.

*L. J. Kirkpatrick* and *J. F. Morrison*, for appellee.

GILLETT, J.—Mandamus to compel appellant, a corporation engaged in the business of supplying natural gas to the inhabitants of the city of Kokomo under an ordinance of said city, to connect the residence of relator in said city with appellant's main in the street on which said residence is situate, and to furnish relator with natural gas, for use in lighting and in heating said residence. Appellant demurred to the alternative writ, but its demurrer was overruled, and it excepted. It then filed a special paragraph of return, to which a demurrer was sustained. It also excepted to the latter ruling, and as it refused to plead further, there was a judgment that a peremptory writ of mandate issue as prayed. Proper assignments of error call in question the validity of each of said exceptions.

Under the assignment that the lower court erred in overruling appellant's demurrer to the alternative writ of mandate, it is urged that the writ was insufficient, for the reason that it does not on its face purport to have been issued on the order of the court. The order-book entry recites that it was so issued. It is signed by the clerk, and the seal of the court is attached. The fact that the writ had issued pursuant to an order of court should have appeared in the writ, but, as appellant appeared to the proceeding without objection, and by demurrer presented the question as to whether the facts stated constituted a cause of action, we think that the objection stated was waived. See *Gill* v. *State, ex rel.,* 72 Ind. 266.

Appellant's return to the alternative writ alleges that appellant is unable to procure a supply of natural gas beyond what is required to furnish its customers in said city who are already connected with its lines with such a supply of natural gas as is reasonably required for their health

and comfort, and that another public service corporation, the Kokomo Natural Gas & Oil Company, which has a main in said street, and with which main relator's residence was formerly connected, is able, ready, and willing to furnish an adequate supply of natural gas to him upon his complying with the reasonable rules and regulations of said company, and at the same rate as is charged by appellant. The return discloses the fact that said Kokomo Natural Gas & Oil Company procures its supply of natural gas from appellant.

The case of *State, ex rel.,* v. *Consumers Gas Trust Co.,* 157 Ind. 345, 55 L. R. A. 245, determines that that portion of the return is insufficient which alleges that appellant cannot supply relator with natural gas without depriving its other customers of such gas to the extent of their reasonable requirements. Appellant, as a public service corporation, owed an obligation to supply natural gas to relator upon the terms that it exacted in the same circumstances of other inhabitants. *Indiana, etc., Gas Co.* v. *State, ex rel.,* 158 Ind. 516, 57 L. R. A. 761. In the rendering of such a service there should be no advantage accorded to prior applicants. It cannot be doubted that there is equality of right on the part of each of the inhabitants living along appellant's mains, and, so far as disclosed by said return, the case appears to be one for a division of the benefit among all of such inhabitants who apply, rather than that the last applicant should be compelled to wait for an indefinite, and perhaps for a very long time before being admitted to the class.

The return does not disclose that relator's residence was connected with the main of the other company at the time of the institution of this proceeding. We need not, therefore, intimate as to the right to take natural gas from both mains. Appellant cannot escape its obligation to furnish natural gas to relator by supplying it to another corporation.

Judgment affirmed.