EX PARTE PETERS.

[No. 13,766.   Filed June 19, 1929.]

*Charles H. Peters*, for appellant.

ENLOE, J.—On January 3, 1927, the Honorable William C. Pentecost, judge of the Starke Circuit Court, being unable on account of sickness of himself to attend

the sitting of the January, 1927, term of said court, the clerk of said court, the auditor of said county, and the sheriff of said county, acting under the provisions of §1814 Burns 1926, met and selected and appointed the appellant herein as "special judge for the January Term, 1927, of said court." The action of said parties in appointing said judge was duly entered of record by order-book entry in the record of the proceedings of said court, and the appellant duly qualified and entered upon the discharge of the duties of the judge of said court.

On March 14, 1927, the same being the first day of the March term of said court, the following proceedings were had as shown by the order-book entry of that date: "Comes now William C. Pentecost, the regular judge of the Starke Circuit Court, and having regained his health, now resumes his duties as such judge." It appears from the record that the January term of said court ended on February 5, 1927, and that, during the vacation of said court—February 5 to March 14—the appellant acted as judge of said court in various matters that came up and needed attention, the number of days of service rendered by him during said period being fifteen. A claim for compensation for these days was presented for allowance; the claim was disallowed, evidently on the theory that, as the appointment of appellant was for "the January Term" of said court, the appellant had no right to act as judge during vacation.

The statute under which a judge may be appointed to act during the absence of the regular judge (§1814 Burns 1926) provides that such judge may act until the "return of the regular judge." The law contemplates that at all times there shall be someone competent to act as judge—in vacation as well as in term—and hence it says that he may act until the return of the regular judge. There is as much need for a judge, competent to act, in vacation as in term, and we

hold that, when the officers named, in compliance with the statute, designated the person to act as judge during the absence of Judge Pentecost, they had no power to fix the duration of the period through which he should preside as judge; the statute had done that. The statute says that the judge so appointed *may* act until the return of the regular judge, and it is a well-settled principle of construction that the word "may" will be construed to mean "shall," when used in a statute conferring rights or powers in which the public is interested as to the performance or discharge of the rights or powers so granted. *Nave* v. *Nave* (1855), 7 Ind. 122; *State, ex rel.*, v. *Buckles* (1872), 39 Ind. 272. Here, the public was interested in having someone with right and authority to act as judge in vacation as well as in term, and we hold that the word "may" as used in the statute, should be construed as "shall." We also hold that the statute having fixed the time during which the appointee should act, the attempt to limit such appointment to "during the January Term, 1927" was without force and effect.

Reversed.