WAUSHARA COUNTY, Respondent, vs. PORTAGE COUNTY, Appellant.

| 83 | 5 |
| 113 | ¹ 39 |

*August 31 — September 27, 1892.*

*Change of venue: Bill of expenses: Disallowance by county board: Jurisdiction: Taxation by trial court: Notice.*

1. Where a change of venue has been had, the county board of the county in which the action was brought has no power to allow or disallow the bill of expenses made out pursuant to sec. 2941, R. S., whether such bill has been taxed by the trial judge or not; and an appeal from a disallowance of the bill by such board confers no jurisdiction on the circuit court.

2. A taxation of such expenses by the trial judge at a certain amount, "subject, however, to an investigation" by the county board of the county liable therefor, "and the correction of any and all errors," etc., is *held* not to be an effectual taxation or allowance thereof.

3. The taxation of such a bill of expenses should hereafter be made only upon notice to the district attorney of the county liable therefor.

APPEAL from the Circuit Court for *Portage* County.

In 1887 the venue of a criminal action pending in *Portage* county was changed to *Waushara* county. A trial thereof was had in the circuit court for *Waushara* county, and the clerk of said court made out a bill of the expenses of such trial, under sec. 2941, R. S., to which bill the circuit judge attached the following certificate:

"Upon the application of E. R. Humphrey, clerk of the circuit court of *Waushara* county, and after an examination of the foregoing statement made by said clerk, and being satisfied that the same is in all things correct and true, I do hereby tax the costs and court expenses made upon the trial of this action in *Waushara* county, and which are properly chargeable against *Portage* county under ch. 127, sec. 2940, R. S., at $2,398.48, *subject, however, to an investigation by the county board of Portage county, and the correction of any and all errors in such statement, if any such shall be found.*"

The entire bill amounted to $2,398.48, and, upon presentation thereof to the county board of *Portage* county, said board allowed $2,113.08, and disallowed $285.40, from which disallowance *Waushara* county appealed to the circuit court for *Portage* county. Upon the trial a jury was waived. Defendant moved to dismiss the appeal for want of jurisdiction, which motion being overruled, testimony was introduced, and the circuit court found that the sums disallowed should have been allowed, and that *Waushara* county have judgment against *Portage* county for the sum

of $285.40 and interest. From that judgment *Portage* county appeals.

*Henry W. Lee*, for the appellant.

For the respondent there was a brief by *W. N. Kelley*, attorney, and *Potter & Potter*, of counsel, and oral argument by *R. L. D. Potter*.

WINSLOW, J.    Sec. 2941, R. S., provides substantially that the expenses of the trial shall be taxed and allowed by the judge of the court where the trial took place, and that the bill shall be presented to the county board of supervisors of the proper county, which board *shall issue an order therefor* in favor of the county in which the action was tried. It is plain that when the bill has been taxed and allowed the sole function of the county board is to issue an order for the amount of the bill so taxed. They are not called upon either to allow or disallow. Allowance is superfluous; disallowance is ineffectual. The same result follows when the bill has not been taxed by the judge. The liability is created by statute and a remedy provided. In such a case the remedy so provided is exclusive. Sedg. Stat. & Const. Law (2d ed.), 343. Therefore the county board, even in the absence of taxation by the judge, has no power to allow or disallow the bill. So, whether we consider the bill in this case to have been taxed by the judge or not, the conclusion is the same. The county board of *Portage* county had no jurisdiction to pass upon it, and the circuit court acquired none by appeal. The appeal should have been dismissed in the circuit court. *Felt v. Felt*, 19 Wis. 193; *Plano Mfg. Co. v. Rasey*, 69 Wis. 246.

There has been no taxation or allowance of the bill in this case. The circuit judge certifies that he has taxed the bill, but gives the county board of *Portage* county power to investigate and correct all errors. This seems to us to leave the whole subject open. Nothing is settled or fixed.

We cannot regard it as an effectual taxation. The bill should be again presented to the judge for taxation and allowance.

While we have felt compelled to construe the statute as giving the circuit judge the exclusive right to pass upon such bills, we do not overlook the fact that in justice the county to be charged ought to have an opportunity to be heard before its liability is determined, and the further fact that the statute does not in terms preserve such right. The writer of this opinion knows that the practice has been, in some parts of the state at least, to tax such bills without notice. It is plain that the debtor county ought in some way to have its day in court. To that end we think it proper to indicate that in the future the taxation of such bills should be done on notice to the district attorney of the debtor county, substantially in accordance with the practice prescribed by rule XXXIII of the circuit court rules for the taxation of ordinary bills of costs. In this manner the county will have an opportunity to be heard, and also the right to have the action of the judge reviewed by the court.

*By the Court.*— Judgment reversed, and action remanded with directions to the circuit court to dismiss the appeal from the determination of the county board.