Co. Commrs. Jackson Co. v. State ex rel.—Statement of Case

The writ of error is dismissed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.

---

THE COUNTY COMMISSIONERS OF JACKSON COUNTY, FLORIDA, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *ex rel.,* NAN E. MCALILEY, *Defendant in Error.*

Opinion Filed January 25, 1917.

Under the provisions of Section 1844 to 1847 inclusive of the General Statutes of 1906, it is the duty of the Circuit Judge, within his discretion, to determine when the official reporter shall attend the sessions of the court for the purpose of reporting the testimony in criminal cases, and to certify the account of such official reporter. Such certificate is conclusive, and there is no auditing for the County Commissioners to do, but it becomes their duty to cause a warrant to be issued to the reporter upon the Fine and Forfeiture Fund of the county in payment of the account so certified to be true and correct.

Writ of Error to Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

## Statement

On the 12th day of April, 1916, upon the relation of Nan E. McAliley, an alternative writ of mandamus was issued against the Board of County Commissioners of Jackson County, Florida, which, omitting the caption, is as follows:

"Whereas, Nan E. McAliley, Relator in the above-styled and entitled cause, has on this day presented before me her sworn petition, wherein and whereby she alleges,

"That she, the said Nan E. McAliley, is the Court Reporter for the Fourteenth Judicial Circuit of the State of Florida, and that she was, heretofore, to-wit: on the 23rd day of August, 1915, by the Governor of said State appointed as such Reporter and commissioned as such, and since the date of said appointment that she has been and still is the official Reporter of said Circuit, and that the said Respondent, T. W. Conely, is Chairman of the Board of County Commissioners of Jackson County, Florida, and that the other respondents hereinabove named are members of said Board, and that the said respondents compose the Board of County Commissioners of the County aforesaid; and further alleges in and by the petition aforesaid,—

"That under the laws of the State of Florida it is the duty of the relator as such Court Reporter of the Circuit aforesaid, when directed so to do by the Judge of said Court, to report all criminal cases pending in said Court in the Counties comprising the said Fourteenth Judicial Circuit, and also to be present during the time that the courts are in session to await the orders of the Judge of said court as to reporting such cases, or to discharge any other duties appertaining to the said office; and further alleges in and by said petition,—

"That the Circuit Court in and for Jackson County, Florida, convened at the Court House at Marianna in said county on the 7th day of February, A. D. 1916, the same being the first Monday in said month, and continued in session for and during the month of February, and until the 4th day of March, and that the said relator, as Reporter of said Circuit, was required by the judge

VOL. 73, JANUARY TERM, 1917.     89

Co. Commrs. Jackson Co. v. State ex rel.—Statement of Case

thereof to be present in attendance of said court during each and every day of said term, and to report such criminal cases as might arise for trial, and to do and perform the orders of the court with reference thereto; that during said term of court the relator, being so required to attend the convening of said court as the Reporter thereof, attended the said term of court, exclusive of the days on which civil cases were reported, for the period of twenty-five days, and for which services, under the laws of the State of Florida, she was and is entitled to the sum of $5.00 per day, and that for the services so rendered by her as aforesaid, the County of Jackson in the State of Florida, became and was indebted to the relator in the sum of One Hundred Twenty-Five ($125.00) Dollars; that the said relator duly presented her accounts for her attendance at said Court as the Reporter thereof to the respective Judges who presided over said term of court, and which said accounts so presented were duly approved by the said Judges, copies of which said accounts so presented are hereto attached and made part of this writ, the original of which are attached to the said petition so presented to me, and are asked to be taken and considered as part thereof; and that, whereas, the said petitioner further avers in and by said petition that it then and there became and was the duty of the said Board of County Commissioners of Jackson County, Florida, to pay said accounts when so approved by the said Judges so due to the relator as aforesaid upon the Fine and Forfeiture Fund of said county, or to issue its warrant for the payment of said account against said Fund; and whereas, the relator further avers that in accordance with law she duly presented her said account so approved by the Judges as aforesaid to the respondents, the said Board of County Commissioners of Jackson County, Florida,

for audit and payment, and that it then and there became
and was the duty of the said Board of County Commis-
sioners to pay said accounts upon an audit thereof by its
warrant drawn upon the Fine & Forfeiture Fund of said
county as aforesaid, but that notwithstanding it was the
duty of the said respondents to so pay said accounts, that
the said respondents as the Board of County Commis-
sioners of Jackson County, Florida, after auditing the
same, refused to pay said accounts so due to the relator
as aforesaid, or any part thereof, and that the said ac-
counts so refused to be paid by the said respondents were
returned by them to the relator without payment;

. "These are, therefore, to command you, the said T.
W. Conely as Chairman, and the said Frank Peacock, J.
R. McCrary, W. W. Wester and W. H. Harrison, as
members of and composing the Board of County Com-
missioners of Jackson County, Florida, upon the service
of this writ upon you, to at once assemble and pay the
said accounts so presented by the said relator, and so
refused to be paid as in and by the said petition averred,
said payment to be made by issuing a warrant for the
said sums of money so due the relator as averred in and
by said petition, said warrant to be drawn and signed by
the Clerk of the Circuit Court of Jackson County, Flor-
ida, and your Chairman, upon the order and direction of
the said respondents as the Board of County Commis-
sioners of said county; and that in default of so conven-
ing and paying said accounts so alleged to be due the
relator as hereinabove set forth, that you, and each of
you, do be and appear before me at Marianna, Florida, on
the 21st day of April, A. D. 1916, and that you then and
there show cause, if any you have, why you have not com-
plied with the terms and conditions of this writ.

"Done and ordered at Marianna, Fla., on this the
12th day of April, A. D. 1916.

Co. Commrs. Jackson Co. v. State ex rel.—Statement of Case

"CEPHAS L. WILSON, *Judge.*"

(Attached to the writ of Mandamus.)

"In the Circuit Court of Jackson County.

"Fourteenth Judicial Circuit of Florida.

"Jackson County,

"To Nan E. McAliley, Dr.

"To nineteen (19) days attendance at Court at $5.00 per day, $95.00.

"I, Cephas L. Wilson, Judge of the above named court, do hereby certify that the above account is true and correct.

"CEPHAS L. WILSON, *Judge.*"

"In the Circuit Court of Jackson County:

"Fourteenth Judicial Circuit of Florida.

"Jackson County:

"To Nan E. McAliley, Dr.,

"To six days per diem for attendance at court at $5.00 per day, $30.00.

"I, A. G. Campbell, acting Judge for the 14th Judicial Circuit of Florida, do hereby certify that the above and foregoing account is true and correct.

"A. G. CAMPBELL, *Judge.*"

To this writ the respondents made the following return:

"We, the undersigned chairman and members of the Board of County Commissioners of Jackson County within mentioned, do humbly certify to the Honorable Cephas L. Wilson, Judge of the said Circuit Court, at Marianna on this the 21st day of April, A. D. 1916, as by said alternative writ of mandamus we are commanded, that we have not assembled and paid the said account of

92    SUPREME COURT OF FLORIDA,

Co. Commrs. Jackson Co. v. State ex rel.—Statement of Case

the relator exhibited in and by said alternative writ, for the reason, as respondents humbly submit, that these respondents have no power or authority under the law to pay said account as presented, nor is the said County of Jackson liable therefor, nor the said relator, Nan E. Mc-Aliley, lawfully entitled to receive pay for same out of the public funds of said Jackson County. And in this behalf, these respondents do humbly represent and contend:

"(1) That the relator is, and was, at the filing of the petition for mandamus herein, the official reporter of testimony and proceedings in trials at law, for the Fourteenth Judicial Circuit of Florida, composed of the counties of Jackson and Calhoun; that her duties 'and compensation, are fixed by Chapter 3122 Acts of 1903, Section 1844 to 1851 inclusive, General Statutes 1906. That the said County of Jackson is the county in which the relator did, at the time of attending the court as claimed, and does now, reside; that the regular term of the Circuit Court of said county convened on the 7th day of February, A. D. 1916, and continued until the 4th day of March, A. D. 1916, thirty days excluding Sundays. That the attendance claimed by relator is for twenty-five days of said term, being every day thereof, except five days in which relator was engaged in reporting testimony and proceedings in civil cases, and in which her per diem and other fees were taxed as costs in the respective causes.

"(2) Respondents further respresent, and submit unto your Honor, as cause why they have not assembled and paid said acount, that they are advised and believe that their powers and liabilities are limited by the statute law of the State, and except as is provided in said Chapter 3122 Acts of 1903, they are without power or authority to pay out the public funds of the county for per diem

VOL. 73, JANUARY TERM, 1917.          93

Co. Commrs. Jackson Co. v. State ex rel.—Statement of Case

and fees of the court stenographer; that by the terms of said act they are not authorized to incur or assume any liability for court stenographer's fees except in criminal cases in which she reported the testimony and proceedings in the trial, and such criminal cases only as the defendants were insolvent upon conviction, or discharged upon acquittal. That the accounts so made out and presented to respondents, and attached to 'the alternative writ, were not made out and presented within said limitations but were made upon the basis per diem for every day of said term not consumed in reporting testimony and proceedings in civil cases, whether relator was engaged in reporting testimony and proceedings in criminal cases or not. And respondents aver that relator was not engaged in reporting testimony and proceedings in criminal cases more than seven days during said term, the exact number of days being unknown to respondent, and the total amount of per diem for which the county is liable will not exceed the sum of Thirty-five dollars.

"(3) Respondents would further represent and submit unto your Honor, that they did not prior to the institution of these proceedings, and do not now, decline to pay the relator a per diem of Five dollars for each day or fraction of a day in which she was engaged in said county, in reporting testimony and proceedings in criminal cases, but did, and do now, express a willingness and readiness to so pay her, upon presentation by her to respondents of an itemized account; but relator insists upon the payment of the full sum of One Hundred and Twenty-five Dollars as demanded by said accounts, and refused to accept a settlement upon a per diem basis for the days in which she was engaged in reporting testimony and proceedings in criminal cases where the defendants were not convicted, or were insolvent upon conviction.

Respondents humbly sumbit that they will and hereby offer, upon presentation to them of an account or claim made out in accordance with the compensation allowed by Sections 3 and 4 of said Act of 1903, accompanied by a statement of the services rendered, the title of the case in which rendered, and the facts which make the fees charged a good claim against the county, as required by Section 970 General Statutes of 1906, so that respondents may determine the justness and correctness of said account, and that no unnecessary or illegal item is contained therein, to proceed at once to approve same and to cause a warrant upon the appropriate funds of the county to be drawn in favor of relator for same.

"(4) Further answering said alternative writ, respondents humbly represent and admit that relator is the duly qualified reporter of testimony and proceedings of the said Circuit Court as alleged in the alternative writ, but deny that it is her duty as such reporter to be present during the time said court is in session to await the orders of the Judge of said court in response to cases not begun on trial, in the county of her residence, and deny that the county is liable for her per diem while so in waiting. Respondents deny that relator has presented to them an account in such form and substance as would enable respondents to approve it and certify thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein, as the law requires of them; and respondents deny that it was their duty as County Commissioners to pay said account until said Board is able to so approve it, and certify thereon that no unnecessary or illegal item is contained in same.

"(5) Respondents further answering humbly represent that they stand ready and willing, and will be able to do and abide by and perform your Honor's order

VOL. 73, JANUARY TERM, 1917.     95

.Co. Commrs. Jackson Co. v. State ex rel.—Statement of Case

herein; but submit that the said relator has not in and by her said petition made or stated such a case as entitles her to the relief sought, or any other relief by mandamus; and respondents reserve this point of demurrer, and pray advantage of same as fully, as to the same effect, as if they had formally demurred to said petition.

"And having fully answered, respondents pray to hence be dismissed, with their reasonable costs."

The relator filed a motion to make the alternative writ peremptory upon the following grounds:

"(1) That the return to said alternative writ is vague, indefinite and uncertain and sets forth no reason why the claim of the relator should not be paid.

"(2) That the said return does not deny the performance of the service by the relator as in and by the alternative writ set forth and contained.

"(3) That the said return does not set forth any good and sufficient reason why the said Board of County Commissioners should fail and refuse to pay the relator the said sum of money mentioned and described in said alternative writ, nor does it deny that the relator had performed the services for and on behalf of the county as in and by the alternative writ set forth and alleged.

"(4) That it is not denied that the account of the relator has not been examined and approved by the Circuit Judge of the 14th Circuit, and the same is not res adjudicata."

The Circuit Judge rendered a judgment, granting this motion and making the alternative writ peremptory.

The assignment of error is that the Circuit Court erred in granting this motion and awarding the peremptory writ.

*John H. Carter,* for Plaintiff in Error;

*Will H. Price,* for Defendant in Error.

96    SUPREME COURT OF FLORIDA,

Co. Commrs. Jackson Co. v. State ex rel.—Opinion of Court

SHACKLEFORD, J., (After stating the facts.)—The plaintiffs in error state in their brief their contention as follows: "Plaintiffs in error contend that the position of Court Stenographer is an office of fees, and payable only for services actually rendered; that no per diem is allowable, in the home county of the Reporter, for attendance upon the court unless actually engaged in reporting a case. The appointment, duties and compensation of the Court Stenographer are covered in Chapter VII, Section 1844 to 1851, inclusive, General Statutes 1906."

The only sections with which we are concerned in this case are Sections 1844, 1845, 1846 and 1847, which read as follows:

"1844. Official reporter, qualifications and appointment. There shall be in each judicial circuit of this State a reporter of testimony and proceedings in trials at law in the circuit court. He shall be an expert stenographer and typewriter, and shall be appointed by the Governor, upon the recommendation of the circuit judge, and hold during the pleasure of the Governor.

"1845. His duties.—He shall, upon the discretion of the said judge, report the testimony and proceedings in the trial of any criminal case in the circuit court, and shall report the testimony and proceedings in the trial of any civil case in said court upon the demand, in writing, filed in the cause, of the attorney for either party. He shall not, however, be required to attend at any trial out of the county in which he may reside, upon the demand of any attorney, unless such attorney shall deposit or secure his mileage and at least one day's per diem as hereinafter fixed.

"1846. Compensation.—He shall be entitled to receive for each day or fraction of a day in which he shall be engaged in the county in which he resides, in reporting such testimony and proceedings, a per diem of five dollars,

VOL. 73, JANUARY TERM, 1917.    97

Co. Commrs. Jackson Co. v. State ex rel.—Opinion of Court

and for each day or fraction of a day in which he shall be engaged in any county other than that in which he resides, in reporting such testimony and proceedings or in wait-ing upon the order of the judge or demand of an attorney to the cause, the beginning of the trial, a per diem of six dollars, and mileage at the rate of five cents each way, going and returning from his residence; and for each typewritten transcript of his notes of such testimony and proceedings taken on such trial and furnished on demand as hereinafter provided, the sum of twelve and one-half cents per folio of 100 words, and for each carbon copy thereof, six cents per folio.

"1847. (1399.) How paid in criminal cases. His account for his per diem and mileage for attendance in criminal cases shall be certified to by the judge, and paid as other criminal costs are paid in the county in which the trial is had; his account for attendance and mileage in civil cases shall be taxed as costs in the cause. Upon the demand of the State Attorney, or the defendant in any criminal case, or upon demand of either party in any civil case, he shall, upon payment of his fees therefor, as hereinbefore fixed, furnish with reasonable diligence a typewritten transcript of such testimony and proceedings, and his fees therefor shall be taxed as costs in the cause."

We are of the opinion that this contention of the plaintiffs in error cannot be sustained. Under the quoted sections, we think that the Circuit Judge, within his discretion, is to determine when the official reporter shall attend the sessions of the court for the purpose of reporting the testimony in criminal cases, and, as the two respective Circuit Judges have certified that the two accounts of the relator are true and correct, that the Board of County Commissioners cannot be permitted to question the validity of such certificates. See the reasoning in Gill v. State, 72 Ind. 266, and Waushara County v. Port-

age County, 83 Wis. 5, 52 N. W. Rep. 1135, which would seem to support the conclusion which we have reached. As to whether or not the relator was actually engaged in reporting the testimony and proceedings in criminal cases for the number of days claimed is not for the County Commissioners to determine, but is beyond their province, as Section 1847, quoted above, especially provides that the account of the official reporter "for his per diem and mileage for attendance in criminal cases shall be certified to by the judge, and paid as other criminal costs are paid in the county in which the trial is had." The certificate of the judge is conclusive, and there is no auditing for the County Commissioners to do, but it becomes their duty to cause a warrant to be issued to the reporter upon the Fine and Forfeiture Fund of the county in payment of the bills so certified to be true and correct. We fail to see wherein Sections 970, 971, 972 and 973 of the General Statutes of 1906, cited and relied upon by the plaintiffs in error have any applicability. We have examined all the authorities cited to us by the plaintiffs in error and are of the opinion that they do not support their contention.

The judgment will be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.